**Joe A. TAMEZ, Appellant,**

**v.**

**The STATE of Texas.**

**No. 1923–98.**

Court of Criminal Appeals of Texas.

Jan. 5, 2000.

Judith K. Wemmert, San Antonio, for appellant.

Daniel Thornberry, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

PRICE, J., delivered the opinion of the Court, in which MEYERS, MANSFIELD, HOLLAND, WOMACK and JOHNSON, JJ., joined

Appellant was arrested and indicted for the offense of driving while intoxicated ("DWI"). *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp.1999). Section 49.09(b) provides that this offense is a third degree felony if the person has two prior DWI convictions. The indictment alleged that appellant had six such previous convictions.

Before trial, appellant stated to the court that he would stipulate to two previous DWI convictions if the State would be foreclosed from mentioning his prior convictions in any way to the jury. The trial court refused. At the commencement of trial and over appellant's objection, the prosecutor read the indictment—including all six aforementioned convictions—to the jury. The State also introduced the six judgments against appellant into evidence during its case-in-chief, again over his objection. The jury convicted appellant of the charged offense and sentenced him to ten years confinement.

### Court of Appeals

Appellant argued on appeal that the six previous DWI convictions were substantially more prejudicial than probative, violating Texas Rule of Evidence 403.[1] Appellant urged that the reversal of his

---

1. TEX R. EVID. 403 provides:

     Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

conviction was mandated under the reasoning of *Old Chief v. United States.* *See* 519 U.S. 172, 192, 117 S.Ct. 644, 655–656, 136 L.Ed.2d 574 (1997). In *Old Chief,* a defendant was prosecuted for the offense of possession of a firearm by a felon. *Id.* Because any type of felony conviction was sufficient to prosecute the defendant for possession of a firearm, the Court decided that allowing the Government to prove the particular felony of which the defendant was previously convicted was of little probative value; yet it could substantially prejudice the defendant by allowing the jury to improperly focus on the previous crime rather than the instant offense. *Id.* The Supreme Court held that such a result violated Federal Rule of Evidence 403 and thus precluded the Government from proving what felony the defendant was previously convicted of if he chose to stipulate that he was indeed a felon. *Id.*[2]

Appellant argued to the Fourth Court of Appeals that the DWI convictions were precisely the type of pre-requisite convictions envisioned in *Old Chief*—they have virtually no probative value, but can easily and improperly inflame the jury's prejudice against him. Appellant argued that the jury convicted him not because it believed he was guilty of the instant DWI offense, but because it was improperly provided with such overwhelming evidence of his bad character in the form of six previous DWI convictions. Thus, by not allowing him to stipulate to the two previous convictions, the trial court allowed evidence to reach the jury that was substantially more prejudicial than probative.

The Fourth Court of Appeals declined to apply *Old Chief* to the Texas DWI statute for a variety of reasons. First, it analyzed the relevant Texas statute, section 49.09(b) of the Texas Penal Code:

> If it is shown on the trial of an offense under Section 49.04[DWI] . . . that the person has previously been convicted two times of an offense relating to the

operating of a motor vehicle while intoxicated . . . the offense is a felony of the third degree.

TEX. PENAL CODE ANN. § 49.09(b) (West 1999). It determined that the previous convictions were jurisdictional elements, because the State must indict and prove at least two prior DWI convictions to elevate the misdemeanor offense of DWI to the level of a felony. *See Tamez v. State,* 980 S.W.2d 845, 848 (Tex.App.—San Antonio 1998). It then applied article 36.01 of the Code of Criminal Procedure, which states:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment shall not be read until the hearing on punishment is held as provided by Article 37.07.

TEX.CRIM. P.CODE ANN. § 36.01 (West 1999). It then cited this Court's holding that the reading of the indictment under article 36.01 is mandatory. *Id.* (citing *Warren v. State,* 693 S.W.2d 414, 415 (Tex.Crim.App. 1985)). For these reasons, the Court of Appeals determined that *Old Chief's* reasoning should not be applied in the instant case, because the Texas DWI statute required a different outcome: the State must read and prove the previous DWI convictions as jurisdictional elements in its case-in-chief.

Appellant further argued that even if the two previous convictions were properly presented and argued to the jury, the trial court abused its discretion by allowing evidence of the four other previous DWI convictions. The Court of Appeals determined that nothing in the plain language of section 49.09(b) limited the State to pleading or proving only two prior convictions. *Id.* (citing *Read v. State,* 955 S.W.2d 435, 437 (Tex.App.—Fort Worth, 1997 pet. ref'd.)). Finding no error in the trial court's actions, it overruled appellant's points of error and affirmed his conviction.

**2.** Federal Rule of Evidence 403 is materially  identical to Texas Rule of Evidence 403.

Appellant petitioned this Court for review regarding the propriety of the Court of Appeals' decision, specifically disputing its interpretation of *Old Chief* and its ramifications on the interpretation of Texas Rule of Evidence 403. We will reverse and remand.

### *Analysis*

■ This cause encompasses two somewhat interrelated questions. First, we must determine if the State is required to prove two previous DWI convictions in order to prosecute a defendant for felony DWI or if a defendant's stipulation admitting those previous convictions is sufficient. We must also decide if it is error for the trial court to allow pleadings and evidence of more than two prior DWI convictions if the defendant stipulates to at least two previous DWI convictions.

■ Regarding the former issue, this Court held that when prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for the trial court to gain jurisdiction. *See Turner v. State,* 636 S.W.2d 189, 196 (Tex. Crim.App.1980); *Gant v. State,* 606 S.W.2d 867, 871 (Tex.Crim.App. [Panel Op.] 1980). Nevertheless, it is not the *reading* of the indictment that vests the trial court with jurisdiction. Rather, jurisdiction vests when the pleadings are submitted to the trial court and contain the requisite number of previous convictions. Therefore, this rule guides us as to what the State should present to the trial court, not necessarily what the State should tell and prove to the jury. Article 36.01 provides the framework for what the jury should be told.

Article 36.01 suggests by negative implication that the jurisdictional elements *may* be read, as it states, "[w]hen prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment shall not be read until the hearing on punishment is held as provided by Article 37.07." *See* TEX.CRIM.

P.CODE ANN. § 36.01 (West 1999). But it does not *require* the State to read an indictment containing the jurisdictional prior convictions. It merely proscribes the reading of prior convictions that are enhancements only. Thus, standing alone, article 36.01 does not dispose of the issues, either.

At this point, it is helpful to focus on why the indictment is read. We have held that reading the indictment serves two purposes: it ensures that the accused is informed of the charges against him and it ensures that the jury is informed of the precise terms of the particular charge against the accused. *Warren,* 693 S.W.2d at 415. The first rationale does not apply in a trial where the accused admits to the charges by stipulation; obviously the defendant is aware of the charges against him if he stipulates to them. The remaining rationale must be tempered against the protections provided to a defendant under Rule 403. This delicate balance, between providing the jury with all of the relevant facts while keeping substantially prejudicial evidence from reaching it, was struck in *Old Chief.*

Although *Old Chief* is not binding authority, its persuasive value in this analogous situation should not be dismissed. *See Montgomery v. State,* 810 S.W.2d 372, 376 n. 2 (Tex.Crim.App.1990), *set aside on reh'g,* 810 S.W.2d 372, 397 (Tex.Crim.App. 1991) (even when not bound by federal court decisions, when the Texas Rule duplicates the Federal Rule, greater-than-usual deference should be given to the federal court's interpretations). In *Old Chief,* the Supreme Court determined that:

> Given [the] peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. *For pur-*

*poses of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent in the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was abuse of discretion to admit the record when an admission was available.*

*Id.* (emphasis added).

Thus, a defendant's stipulation to a previous conviction should suffice when it carries the same evidentiary value as the judgments of prior convictions, yet substantially lessens the likelihood that the jury will improperly focus on the previous conviction or the defendant's "bad character." Such improper focus by the jury not only violates the unfair prejudice rationale of Rule 403, it violates the basic policy of Rule 404(b). *See Mayes v. State,* 816 S.W.2d 79, 86 (Tex.Crim.App.1991) (Rule 404 ensures that a person is tried for the offense he allegedly committed, not for the type of person that he may be).[3]

Here, the State was allowed not only to read the indictment containing six previous DWI convictions, but also to present evidence of the convictions during its case-in-chief. The likelihood that the jury was improperly swayed to convict appellant after the State presented conviction after conviction was great. The "reasonable conclusion" mentioned in *Old Chief* is brought into startling relief here: when faced with appellant's apparently unflagging character as a drunk driver, the jury may have convicted him because he was a "bad man," not because it believed him to be guilty of the instant offense.

▮▮▮ A balance must be struck between Article 36.01(a)(1), which authorizes the reading of the full indictment (and by this action implicitly authorizes the proof of the previous convictions in the State's case-in-chief), and Rule 403, which proscribes this evidence if there is a strong likelihood that the jury may improperly use it in reaching its verdict. In cases where the defendant agrees to stipulate to the two previous DWI convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief. This allows the jury to be informed of the precise terms of the charge against the accused, thereby meeting the rationale for reading the indictment, without subjecting the defendant to substantially prejudicial and improper evidence during the guilt/innocence phase of trial. Following this logic, any prior convictions beyond the two jurisdictional elements should not be read or proven during the State's case-in-chief—as long as the defendant stipulates

---

**3.** Moreover, the Texas Rules of Evidence are not alone in leading to this conclusion. Previous convictions should not be unnecessarily introduced at the guilt/innocence stage lest they violate Article 37.07 § 2 of the Texas Code of Criminal Procedure. *See* Tex.Code Crim. P. art. 37.07 § 2 (trial court should first submit to the jury the issue of guilt or innocence only without authorizing the jury to pass upon the punishment to be imposed) (West 1999). In *Brumfield v. State,* we interpreted this bifurcated trial statute, determining:

> Such procedure was obviously designed to take the blindfolds off the judge or jury when it came to assessing punishment. It authorized the introduction of evidence on punishment not heretofore held to be generally admissible. *It did, however, limit such introduction to the penalty stage to prevent the accused from being tried as a criminal generally prior to the determination of the issue of guilt.* It thus allowed evidence critical to an enlightened determination of punishment but avoided the possibility of prejudice on the issue of guilt.

445 S.W.2d 732, 738 (Tex.Crim.App.1969) (emphasis added).

to the two prior convictions—as they are without probative value and can serve only to improperly prove the defendant's "bad character" and inflame the jury's prejudice.

We find that the trial court erred in allowing the State to read each of the six convictions at the beginning of trial and to prove the six convictions during its case-in-chief. We remand this cause to the Court of Appeals for a proper harm analysis.

KEASLER, J., concurred; KELLER, J., filed a dissenting opinion, in which McCORMICK, P.J., joined.

KELLER, J., delivered a dissenting opinion in which McCORMICK, P.J. joined.

To analyze whether Texas Rule of Evidence 403 and *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) control the outcome of the present case, we must recognize that two separate issues are raised in this petition: (1) whether the trial court erred in permitting the State to read the six prior convictions alleged in the indictment, and (2) whether the trial court erred in admitting evidence of the six prior convictions.

### I. Indictment

Whether some or all of the prior convictions in the indictment may be read depends upon our interpretation of Texas Code of Criminal Procedure, Article 36.01. Established principles of statutory construction dictate that we interpret a statute in accordance with its literal language unless that language is ambiguous or leads to absurd results. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). The statutory text is the only definitive evidence of what the legislators intended when the statute was enacted into law. *Id.* The judiciary's function is to interpret the law in such a way as to effectuate the collective intent or purpose of the Legislature. *Id.* As the law-interpreting branch of government, the judiciary is not empowered to substitute what it believes to be right and fair for what the Legislature has written, even if the statute seems unwise or unfair. "[A] court is not free ... to substitute its judgment for the will of the people of a State as expressed in the laws passed by their popularly elected legislatures ... " 'judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted.' " *Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979) (quoting *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979)). An appellate court "must not substitute its view of wise or fair legislative policy for that of the duly elected representatives of the people." *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981) (Powell, J. dissenting) (citing *Vance* ).

The statute in question dictates that the indictment shall be read to the jury:

*The indictment or information shall be read to the jury* by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only *and are not jurisdictional,* that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

Article 36.01(a)(1)(emphasis added).

The statutory language is unambiguous. The indictment must be read to the jury in the guilt phase of trial. The statute provides an exception to that rule for prior convictions that are alleged "for enhancement purposes only," but the exception does not apply if the prior convictions are jurisdictional. In the present case, the prior convictions are used to establish jurisdiction and are not used merely for enhancement purposes.[1] Tex.R. Evid. 403

---

1. Although only two convictions are *required* to establish jurisdiction, we have recognized that the State may allege as many prior con-victions as it has for that purpose. *May v. State,* 171 Tex.Crim. 497, 350 S.W.2d 924,

does not apply to Article 36.01 because the statute does not involve the admission or exclusion of evidence. Moreover, even if a conflict between Article 36.01 and Rule 403 did exist, the statute would control. Tex.R. Evid. 101(c). *Old Chief* is grounded on an application of Federal Rule of Evidence 403. *See Old Chief, generally.* Because Rule 403 does not apply to the reading of the indictment, *Old Chief* has no applicability in that context.

## II. Evidence

In *Old Chief,* the defendant was convicted under 18 U.S.C. § 922(g)(1) of possession of a firearm by a felon. 519 U.S. at 174, 117 S.Ct. 644. The offense prohibited the possession of a firearm by anyone with a prior felony conviction. *Id.* The statute did not require proof of the name of the particular felony committed. *Id.* at 186, 117 S.Ct. 644. At trial, the defendant offered to stipulate that he had been previously convicted of a felony and that this felony qualified to meet the "prior felony" element of the crime. *Id.* The prosecution refused the offer, and the trial court admitted into evidence (over objection) the judgment of conviction for the prior felony. *Id.* at 177, 117 S.Ct. 644. That judgment disclosed that the defendant had committed an "assault resulting in serious bodily injury." *Id.* The Supreme Court held that the judgment's disclosure of the *specific felony offense* constituted unfair prejudice which substantially outweighed the probative value of the evidence, given the defendant's willingness to stipulate to having a prior felony conviction. *Id.* at 190–191, 117 S.Ct. 644. Crucial to this holding was the finding that the statute was not concerned with the kind of felony offense but only with whether a prior felony had been committed. *Id.*

Under the Texas DWI statute, however, the State must prove that the prior convictions were for DWI offenses. Texas Penal Code § 49.09. Unlike the statute in *Old Chief,* the Texas DWI statute makes the kind of offense for which the defendant was previously convicted an element of the offense in the subsequent prosecution, and therefore, unfair prejudice does not arise from disclosing the kind of offense for which the defendant was previously convicted. *See Hampton v. State,* 977 S.W.2d 467, 469 (Tex.App.-Texarkana 1998)(DWI prosecution); *Minnamon v. State,* 988 S.W.2d 408, 410 (Tex.App.-Hous. (1 Dist.) 1999)(theft prosecution). In *Old Chief,* the statute required only that a felony be proven, but the government proved the additional prejudicial fact that an assault occurred. In the present case, however, the statute required that DWI offenses be proven, and DWI offenses were proven.

The only remaining issue is whether unfair prejudice resulted from the admission of evidence of *six* prior DWI offenses instead of just two. Appellant's request to restrict the State to proof of two offenses is not simply a restriction of the method of proof by which the State may prove a theory of the offense; his request is an attempt to prevent the State from presenting alternate factual theories of the offense.

To illustrate: Consider the situation in which the State prosecutes a defendant for intentionally killing a man, and in the course of that killing, committing aggravated sexual assault of the man's wife and daughter. Either of the aggravated sexual assaults would, by itself, be sufficient to elevate the homicide to capital murder under Texas Penal Code § 19.03(a)(2). But if the defendant offered to stipulate to one of the aggravated sexual assaults and by doing so prevent the admission of evidence of the other aggravated sexual assault, he would not be allowed to do so. I do not believe the State can be restricted from presenting evidence of alternate factual theories that constitute an element of an offense, where the defendant is contesting guilt, simply because the defendant wishes to stipulate to one of the theories for that

925 (1961); *see also Carter v. State,* 676 S.W.2d 353, 355 n. 3 (Tex.Crim.App.1984).

element. Likewise, the six DWI convictions are alternate factual theories for committing the "two prior DWI convictions" element of the offense of felony DWI and are not simply different methods of proof. *Old Chief* is concerned only with the method of proof; that case does not attempt to determine whether the prosecution can be restricted from presenting alternate factual theories of an element of the offense. *Old Chief* is inapplicable, and we need not decide at this time whether we would follow its holding in a case presenting the issue confronted in that case.

Because the trial court did not err in permitting the State to read the six prior DWI convictions to the jury from the indictment, and the trial court did not err in admitting evidence of all six of the prior convictions, I would affirm. I respectfully dissent.