No. 04-00-00429-CR



Jeffery Jay BUCHANAN,


Appellant



v.



The STATE of Texas,


Appellee



From the 198th District Court, Kerr County, Texas


Trial Court No. B00-33


Honorable James M. Simmonds, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: March 7, 2001

 

REVERSED AND REMANDED


 Jeffery Jay Buchanan ("Buchanan") appeals the trial court's denial of his motion to stipulate
to the validity of his two prior driving while intoxicated ("DWI") convictions when charged with
felony DWI. Because the trial court erred by denying Buchanan's motion, we reverse the judgment
of the trial court and remand the cause for further proceedings consistent with this opinion.


Facts and Procedural History


 Buchanan was charged with felony driving while intoxicated ("DWI"), under section 49.04
of the Texas Penal Code. Because Buchanan had been convicted for two prior DWI offenses, the
charge was enhanced from a Class B misdemeanor to a third degree felony. Tex. Penal Code Ann.
§ 49.04(b) & § 49.09(b) (Vernon Supp. 2000). Buchanan filed a motion offering to stipulate to the
validity of his two previous DWI convictions in order to preclude the State from presenting
Buchanan's prior offenses to the jury, either during the reading of the indictment or during its case-in-chief. The trial court denied the motion, allowing the State to read Buchanan's two prior convictions
to the jury, and allowing the State, during its case-in-chief, to introduce the two prior convictions by
admitting the prior judgments and sentence agreements into evidence. 

Discussion

 Buchanan raises only one issue on appeal: the trial court erred when it denied his motion to
stipulate to his previous DWI convictions. Buchanan argues that by allowing the jury to hear of the
two previous convictions, the trial court impermissibly prejudiced the jury. Buchanan further argues
that evidence of his two prior convictions was unnecessarily cumulative, because he had already
stipulated to the validity of the convictions. 

 The Texas Court of Criminal Appeals in its recent decision, Tamez v. State, articulated both
the consequences and advantages of stipulating to prior offenses in DWI cases. Tamez v. State, 11
S.W.3d 198, 200-01 (Tex. Crim. App. 2000) (en banc). In order to gain jurisdiction over a felony
offense when the felony is derived from an enhancement due to prior convictions, the State must
prove the prior convictions in order to support its prosecution. Tex. Penal Code Ann. § 49.09(b);
Tamez, 11 S.W.3d at 201. In other words, "when prior convictions are used to elevate what would
otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for
the trial court to gain jurisdiction." Tamez, 11 S.W.3d at 201. While the State is required to read
the indictment to the jury, under Tamez, the State is prohibited from reading any prior convictions
except those required to confer jurisdiction. Tamez, 11 S.W.3d at 201; see also Tex. Code Crim.
Proc. Ann. art 36.01(a)(1) (Vernon Supp. 2001) (requiring that any convictions not necessary to
confer jurisdiction be read during the punishment phase of trial only). Because both of Buchanan's
prior DWI convictions were required to be alleged in the indictment to raise the level of his DWI
offense to a felony, the two convictions were properly read to the jury. Tamez, 11 S.W.3d at 201;
Hernandez v. State, 18 S.W.3d 699, 701 (Tex. App.-San Antonio 2000, pet. granted). 

 In Tamez, the Court of Criminal Appeals struggled to strike a balance between the Texas
Code of Criminal Procedure, which authorizes a reading of the full indictment, and the Texas Rules
of Evidence, which prohibits evidence that may unduly prejudice a jury. Cf. Tex. Code Crim. Proc.
Ann. art 36.01(a)(1), with Tex. R. Evid. 403 & 404(b). "[A] defendant's stipulation to a previous
conviction should suffice when it carries the same evidentiary value as the judgments of prior
convictions, yet substantially lessens the likelihood that the jury will improperly focus on the previous
conviction or the defendant's 'bad character.'" Tamez, 11 S.W.3d at 202. "We find that the proper
balance is struck when the State reads the indictment at the beginning of the trial, mentioning only
the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions
during its case-in-chief." Id. 

 In Buchanan's case, while the State permissibly read the indictment containing his two prior
DWI convictions to the jury, the trial court erred by allowing the State to present evidence of
Buchanan's stipulated prior convictions during its case-in-chief. Tamez, 11 S.W.3d at 202.
Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings.


 Phil Hardberger, Chief Justice

DO NOT PUBLISH