COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-399-CR
JERRY RENE BUSH           
           
           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM THE 355
TH DISTRICT COURT OF HOOD
COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Jerry Rene Bush appeals his
conviction for felony driving while intoxicated (DWI). In his sole point, he
alleges that the failure of his trial counsel to offer to stipulate to
appellant's prior DWI convictions for jurisdictional purposes constituted
ineffective assistance of counsel. We affirm.
Factual Background
On May 27, 2000 Hood County Deputy Sheriff
Laura Brock pulled appellant over after she observed appellant speeding. She
pulled him over after seeing him slide off into a ditch and then re-enter the
roadway. When Deputy Brock pulled appellant over, she smelled alcohol, and he
admitted to drinking two beers. Appellant failed the field sobriety tests, and
Deputy Brock arrested him. Appellant was charged with DWI, and the indictment
alleged four prior DWI convictions and an enhancement. The jury sentenced
appellant to seventy-five years' confinement.
Ineffective Assistance of
Counsel
In his sole point, appellant alleges that
the failure of his trial counsel to offer to stipulate to appellant's prior DWI
convictions for jurisdictional purposes constituted ineffective assistance of
counsel. The State responds that appellant fails to satisfy the first Strickland
prong because he fails to support his allegation of deficient representation
with a record that explains counsel's reasons or strategy for not offering to
stipulate to the prior convictions. The State further alleges that appellant
fails to satisfy the second Strickland prong because he fails to show a
reasonable probability that but for counsel's failure to request that appellant
be allowed to stipulate to his prior convictions, the result would have been
different.
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. However, there is no requirement that we approach the two-pronged inquiry
of Strickland in any particular order, or even address both components
of the inquiry if the defendant makes an insufficient showing on one component. Id.
at 697, 104 S. Ct. at 2069.
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
Based on the first Strickland
prong, we conclude that appellant received effective assistance of counsel.
Here, appellant has failed to bring forth an allegation of ineffective
assistance that is firmly founded in the record. See Thompson, 9 S.W.3d
at 814. The record must affirmatively demonstrate the alleged ineffectiveness,
and we do not have such a record. See id. Absent explanations from the
record as to trial counsel's reasons or strategies regarding the challenged
action, an appellant fails to overcome the presumption that the challenged
action was sound trial strategy. Id.
Appellant relies on Tamez v. State
to argue that any prior DWI convictions beyond the two jurisdictional elements
should not be read or proven during the State's case-in-chief, as long as the
defendant stipulates to the two prior convictions, because it is more likely the
jury will convict on "bad character." 11 S.W.3d 198, 202-03 (Tex. Crim.
App. 2000). To rely on Tamez, appellant still needed to stipulate to
two prior convictions, and the record is silent as to any reason of why he did
not. Because we are left with only speculation as to why appellant did not
stipulate, we cannot say that appellant has overcome the strong presumption that
his counsel "rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment."(2)
Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.
Because appellant's counsel performed
reasonably, we need not address the second Strickland prong. See
id. at 687, 104 S. Ct. at 2064. Accordingly, we overrule appellant's sole
point.
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. As the State correctly argues, counsel may have
discussed the option to stipulate and appellant refused. Counsel may have
thought that the State would be unable to authenticate or prove up the prior
convictions. Finally, counsel may have believed that appellant's defensive
theory, that he was not intoxicated, was strong enough to render the prior
convictions moot.