BUSH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-399-CR

JERRY RENE BUSH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Jerry Rene Bush appeals his conviction for felony driving while intoxicated (DWI).  In his sole point, he alleges that the failure of his trial counsel to offer to stipulate to appellant’s prior DWI convictions for jurisdictional purposes constituted ineffective assistance of counsel.  We affirm.

Factual Background

On May 27, 2000 Hood County Deputy Sheriff Laura Brock pulled appellant over after she observed appellant speeding.  She pulled him over after seeing him slide off into a ditch and then re-enter the roadway.  When Deputy Brock pulled appellant over, she smelled alcohol, and he admitted to drinking two beers.  Appellant failed the field sobriety tests, and Deputy Brock arrested him.  Appellant was charged with DWI, and the indictment alleged four prior DWI convictions and an enhancement.
  The jury sentenced appellant to seventy-five years’ confinement. 

Ineffective Assistance of Counsel

In his sole point, appellant alleges that the failure of his trial counsel to offer to stipulate to appellant’s prior DWI convictions for jurisdictional purposes constituted ineffective assistance of counsel.  The State responds that 
appellant fails to satisfy the first 
Strickland
 prong because he fails to support his allegation of deficient representation with a record that explains counsel’s reasons or strategy for not offering to stipulate to the prior convictions.  The State further alleges that appellant fails to satisfy the second 
Strickland
 prong because  he fails to show a reasonable probability that but for counsel’s failure to request that appellant be allowed to stipulate to his prior convictions, the result would have been different.  

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that
 his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  However, there is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component.  
Id.
 at 697, 104 S. Ct. at 2069.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

Based on the first 
Strickland
 prong, we conclude that appellant received effective assistance of counsel.  Here, appellant has failed to bring forth 
an allegation of ineffective assistance that is firmly founded in the record.  
See Thompson
, 9 S.W.3d at 814.
 The record must affirmatively demonstrate the alleged ineffectiveness, and we do not have such a record.  
See id.
  Absent explanations from the record as to trial counsel’s reasons or strategies regarding the challenged action, an appellant fails to overcome the presumption that the challenged action was sound trial strategy.  
Id
. 

Appellant relies on 
Tamez v. State
 to argue that any prior DWI convictions beyond the two jurisdictional elements should not be read or proven during the State’s case-in-chief, as long as the defendant stipulates to the two prior convictions, because it is more likely the jury will convict on “bad character.”
 11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000).  To rely on 
Tamez
, appellant still needed to stipulate to two prior convictions, and the record is silent as to any reason of why he did not.  Because we are left with only speculation as to why appellant did not stipulate, we cannot say that 
appellant has overcome the strong presumption that his counsel “rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
(footnote: 2) 
Strickland
, 466 U.S. 
at 690, 104 S. Ct. at 2066. 

Because appellant’s counsel performed reasonably, we need not address the second 
Strickland
 prong.
  
See id. 
at 687, 104 S. Ct. at 2064
.
  Accordingly, we overrule appellant’s sole point.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
As the State correctly argues, counsel may have discussed the option to stipulate and appellant refused.  Counsel may have thought that the State would be unable to authenticate or prove up the prior convictions.  Finally, counsel may have believed that appellant’s defensive theory, that he was not intoxicated, was strong enough to render the prior convictions moot.