Affirmed and Opinion filed April 17, 2003









Affirmed and Opinion filed April 17, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00660-CR

____________

 

FREDDRICK SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 351st District Court

Harris County, Texas

Trial
Court Cause No. 889,765

 



 

O
P I N I O N

Appellant,
Freddrick Smith, appeals a conviction for felony
driving while intoxicated (DWI).  He
entered a plea of not guilty to the indictment, but pleaded true to the two
jurisdictional paragraphs alleging prior sequential convictions for felony
driving while intoxicated.  The trial
court assessed punishment at thirty-five years in the Institutional Division of
the Texas Department of Criminal Justice. In two issues, appellant contends the
trial court erred in admitting the audio portion of the DWI videotape because
(1) the probative value of appellant=s statements were outweighed by the danger of unfair prejudice,
and (2) the arresting officers violated his constitutional right to remain
silent.  We affirm.








At
11:00 on the night of the offense, Issay Alwady was unloading groceries from his car when he heard
the loud roaring of a car engine.  He
looked up and saw the car driving down Synott Road,
which is a divided lane road with a traffic median.  The driver of the car was speeding and
swerving from lane to lane.  The car
crossed the traffic median and began driving on the wrong side of the road
where it hit a parked car.  After hitting
the parked car, the driver left the scene and drove down the street on the
wrong side of the road.  Alwady called the police and later identified appellant as
the driver of the car.

Harris
County Sheriff=s Deputy Scott Gill responded to the dispatch about the car Alwady had seen. 
When Deputy Gill approached the car, the front end was heavily damaged,
the front left tire was shredded, and sparks were coming from the wheel. Deputy
Gill stopped appellant and asked him to exit the car.  Gill testified that he smelled alcohol on
appellant=s breath, appellant swayed, had glassy, bloodshot eyes, and his
speech was slurred.  Gill arrested
appellant for failure to stop and give information at an accident and for
driving with a suspended driver=s license.  When he
brought appellant to the police station, Gill conducted field sobriety tests,
which appellant failed or refused to perform. 

At
the station, Deputy John Burton offered appellant the opportunity to take a
breath test, but appellant refused. Deputy Burton then took appellant into a
videotaping room.  While in the video
room, appellant refused to stand where he was instructed, failed to follow
instructions, stayed out of camera range, and was uncooperative.  During Burton=s testimony, the State introduced the DWI videotape into
evidence.  Appellant objected to the
audio portion of the videotape on the grounds that it was irrelevant under
rules 401 and 402 of the Texas Rules of Evidence and that under rule 403, the
prejudicial effect of appellant=s statements outweighed any probative value.  Specifically, appellant objected to the
publication of his statements that he had been to prison.  Appellant further claimed that by stating he
did not want to cooperate, he invoked his constitutional right to silence.  The trial court overruled appellant=s
objections and admitted the audio and video portions of the tape.








In
his first issue, appellant contends the trial court erred in admitting the
audio portion of the DWI video tape that included appellant=s
statements that he had been to prison before. While in the video room, Officer
Burton asked appellant to stand on a line painted on the floor and appellant
responded:

Appellant:      I
don=t even want to
cooperate with that to be honest with you.

 

Officer Burton:          Okay.

 

Appellant:      I
don=t want to
cooperate. I don=t want to stand
on the line. I don=t want to do
nothing.

* * * * *

Appellant:      I
don=t have to
cooperate. I know how it goes. Okay. I know how it goes.

 

Officer Burton:          Let me read this to you.

 

Appellant:      No,
I want to stand right here. You=re
not going to read nothing to me. I don=t
want to stand there, I don=t
want to do nothing.

 

At this
time, appellant moved away from the video camera and remained out of camera
range.

Officer Burton:          You don=t
want to do it?

 

Appellant:      No
sir, I don=t want to do
nothing.

 

Officer Burton:          Why not?

 

Appellant:      Because
I don=t. Because I
know how it goes.

 

Officer Burton:          How what goes?








Appellant:      You=ve got my
license already, so what else have I lost, right? I have a job, man.  I don=t
want to do nothing.  I don=t
want to do nothing else.

 

Officer Burton:          Okay.

 

Appellant:      Whatever
you=re going to do,
lock me up, let=s go, I=m
ready, right now.

 

Officer Burton:          I didn=t
say I was going to do that.

 

Appellant:      I
don=t care, let=s
do it.  I don=t
care, that=s what I want
to do. Let=s do it right
now.

 

Officer Burton:          You want to go to jail?

 

Appellant:      Yes,
sir. Let=s go. Let=s
do it.  I don=t
care.  It don=t
make me no difference.

 

Officer Burton:          Okay.  I tell you
what, come stand over here (pointing to the line where appellant would be
within camera range).

 

Appellant:      No,
I=m not going to
stand over there.

* * * * *

Appellant:      No,
sir, I=m not going to
stand in front of no camera.

 

Appellant
then walked toward the door of the video room. 
Officer Burton repeatedly asked appellant to step away from the
door.  Appellant argued with Burton, then
lay down on the floor with his hands outstretched and visible on the
video.  Officer Burton asked appellant to
stand and Appellant responded:








I
know how the game goes.  You=ve got my
license man.  What else, you think I=m
stupid? I done been to prison before man. 
Do you think I=m stupid? No, I
done been there man, alright. 

You
don=t got to tell
me. I done been to prison before man. 
Don=t even tell me
what I don=t know.

 

Appellant
contends the admission of his statement that he had been to prison improperly
admitted evidence of prior convictions used for jurisdictional purposes.  Appellant stipulated to the two prior DWI
convictions alleged as jurisdictional enhancements in the indictment.  When a defendant stipulates to the prior DWI
convictions, the State, at the beginning of trial, may read the indictment to
the jury, including allegations of those two convictions, but the State is
precluded from proving the convictions during its case-in-chief. Tamez v. State, 11 S.W.3d
198, 202-03 (Tex. Crim. App. 2000). 

Because
appellant stipulated to those convictions, the State was permitted to read the
indictment to the jury at the beginning of the trial, but was prohibited from
proving the convictions during its case in chief.  Id. at 202-03.  Appellant
contends that by admitting his statement that he had been to prison, the State
violated the rule set out in Tamez.  To the contrary, in this case, the State
adhered to the rule in Tamez by only reading
the indictment at the beginning of trial. 
During trial, the State did not attempt to prove appellant=s
prior convictions.  Appellant fails to
show that his statement, AI=ve
been to prison before,@ is evidence regarding the jurisdictional enhancements.
Appellant presented no evidence to show that the prison sentence mentioned in
the video referred to the two prior DWI convictions used as jurisdictional
enhancements.[1]








Appellant
further contends the prejudicial effect of his statements in the videotape
outweigh the probative value of the evidence.  See Tex.
R. Evid. 403. Rule 403 favors admissibility of relevant evidence and the
presumption is that relevant evidence will be more probative than
prejudicial.  Montgomery v. State,
810 S.W.2d 372, 389 (Tex. Crim. App. 1990).  The burden is on the opponent of the
proffered evidence to demonstrate the negative attributes of the evidence and
to show how these negative attributes substantially outweigh the probative
value of the evidence. Id. 
Further, an appellate court reviewing the trial court=s
decision to admit certain evidence may reverse it only for an abuse of discretion,
i. e., only when it is outside
the zone of reasonable disagreement. Guzman v. State, 955 S.W.2d 85, 94
(Tex. Crim. App. 1997).

The
audio portion of the DWI videotape was relevant to the contested issue of
whether appellant was intoxicated.  Because
the definition of Aintoxicated@ includes Anot having the normal use of mental or physical faculties,@
any sign of impairment in the appellant=s ability to speak is circumstantially relevant to whether he
was legally intoxicated while driving.  See
Griffith v. State, 55 S.W.3d 598, 601 (Tex. Crim.
App. 2001).  Thus, evidence of appellant=s
speech, including his tone of voice and words were relevant to whether
appellant had lost the normal use of his mental or physical faculties because
it showed appellant=s condition and behavior at the time of the offense.  Appellant has failed to overcome the
presumption that this relevant evidence is more probative than
prejudicial.  Accordingly, the trial
court did not abuse its discretion in admitting the audio portion of the DWI
videotape.  Appellant=s
first issue is overruled.








In
his second issue, appellant contends the trial court abused its discretion in
admitting the audio portion of the DWI videotape because appellant exercised
his rights to remain silent and to terminate the interview.  An individual may not be penalized for
exercising his Fifth Amendment rights when he is under custodial interrogation.  Hardie v.
State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991)
(citing Miranda v. Arizona, 384 U.S. 436, 468, 86 S.Ct.
1602, 1625, 16 L.Ed.2d 694 (1966)). 
However, police requests to perform sobriety tests, directions on how to
perform the tests, and queries concerning a suspect=s
understanding of his rights do not constitute interrogation.  Kalisz v.
State, 32 S.W.3d 718, 721 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  A DWI videotape should not be suppressed
unless the police seek to elicit a testimonial response not normally incident
to arrest and custody, or the police conduct is reasonably likely to elicit a
response.  Jones v. State, 795
S.W.2d 171, 175 (Tex. Crim. App. 1990).

Here,
during the DWI videotape, appellant made the following statements, AI
don=t
want to cooperate.  I don=t
want to stand on the line. I don=t want to do nothing.  I
don=t
have to cooperate. I know how it goes.@  Appellant contends that
by making those statements, he clearly invoked his right to silence.  At the time appellant made those statements,
however, he was not subject to custodial interrogation.  Police questioning incident to a videotaped
sobriety test is activity normally attendant to arrest and custody, not
interrogation under Miranda. See Jones, 795 S.W.2d at 172.  The record reflects that Officer Burton did
not attempt to interrogate appellant, but asked him to stand on a line while
the officer read something to him. 
Appellant=s repeated statements that he was not going to cooperate were
not the subject of custodial interrogation; therefore, they were
admissible.  Appellant=s
second issue is overruled.

The
judgment of the trial court is affirmed.

 

 

/s/            Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed April
17, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Publish C Tex. R. App. P.
47.2(b).











[1]  In his brief,
appellant contends that during closing argument, the State attempted to tie
appellant=s statements about having been to prison to the
jurisdictional paragraphs.  However,
appellant failed to object to that argument, so no error is preserved.  See Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996).