In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-087 CV


____________________



IN RE THE COMMITMENT OF MARK PETERSIMES






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 02-05-03239-CV






O P I N I O N


 The State of Texas filed a petition to commit Mark Petersimes as a sexually violent
predator (SVP) pursuant to Texas Health & Safety Code Chapter 841 - the Civil
Commitment of Sexually Violent Predators Act ("Act"). See Tex. Health & Safety
Code Ann. §§ 841.001-841.150 (Vernon 2003 & Supp. 2004). A jury found Petersimes
was a repeat sexually violent predator who suffers from a behavior abnormality making
him likely to engage in a predatory act of sexual violence. The trial court entered a final
judgment and order of civil commitment under the Act. Petersimes raises six issues on
appeal. 

 In issue one, Petersimes asserts the SVP statutory scheme is unconstitutional
because it is punitive in nature and violates basic constitutional safeguards. Petersimes
relies on the factors set out in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554,
9 L.Ed.2d 644 (1963). However, we have considered and rejected similar complaints
before. See In re Commitment of Morales, 98 S.W.3d 288, 290 (Tex. App.--Beaumont
2003, no pet. h.); Beasley v. Molett, 95 S.W.3d 590, 607-08 (Tex. App.--Beaumont 2002,
pet. stricken); In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, no pet. h.).

 Petersimes further argues that the requirement of a tracking device in section
841.082(5) serves both a punitive and deterrent function. We recently considered and
rejected a similar argument in In re Commitment of Shaw, No.09-02-530-CV, slip op. at
4-5, 2003 WL 22213499, at *2 (Tex. App.--Beaumont September 25, 2003, no pet. h.). 
Issue one is overruled. 

 Issue two contends due process was violated when the trial court refused to submit the
issue of volitional control to the jury. We recently considered and rejected a similar
argument in In re Commitment of Almaguer, No.09-02-172-CV, slip op. at 2-12, 2003 WL
22213379, at *1-*5 (Tex. App.--Beaumont September 25, 2003, no pet. h.). (1) Issue two
is overruled. 

 In issue three Petersimes maintains Chapter 841 is unconstitutionally vague and
violates the separation of powers doctrine because of subparts (4), (5), and (9) of section 
841.082(a). He contends subpart (4) is unconstitutionally vague because it requires the
person's participation in a "specific course of treatment" without specifying the treatment. 
Subpart (5) is also vague, Petersimes argues, because it requires the person to "submit to
tracking under a particular type of tracking device and to any other appropriate
supervision" without specifying what places the person cannot go, what conduct is
expected of him, and the meaning of "any other appropriate supervision." Further, he
contends subpart (9) is vague and violates the separation of powers doctrine because it
allows the trial judge to impose any requirement determined necessary. Based on our
previous decisions, we overrule issue three. See Shaw, 2003 WL 22213499 at *3;
Morales, 98 S.W.3d at 291; Beasley, 95 S.W.3d at 608-09; Mullens, 92 S.W.3d at
887-88. 

 Issue four asserts evidence admitted at trial was obtained in violation of appellant's
fifth amendment privilege against self-incrimination. Petersimes maintains the State
gathered evidence from him in the form of interviews conducted by Dr. Lisa Clayton and Dr. 
Michael Gilhausen, who were working on behalf of the State. Their testimony was used,
appellant says, to convince the jury he was a sexually violent predator and resulted in a
deprivation of his liberty. However, appellant did not object to the testimonies of Clayton
and Gilhausen and does not contend that he otherwise preserved this issue for review. See
Tex. R. App. P. 38.1(h); Mullens, 92 S.W.3d at 888 ("The Fifth Amendment privilege is not
self-executing; it is a privilege that must be asserted."). Issue four is overruled.

 Issue five argues the section 841.085 requirement that the civilly committed person
submit to polygraph examinations violates the fifth amendment privilege against self-incrimination. As conceded by Petersimes, we previously have decided this issue adversely
to him and see no reason to revisit our decision. See In re Mullens, 92 S.W.3d at 888. Issue
five is overruled.

 Issue six maintains admitting evidence regarding appellant's prior convictions was
error as appellant already had stipulated to the convictions. Despite the stipulations, the
State was allowed to introduce into evidence Exhibit 2A, a redacted version of appellant's
penitentiary packet. Exhibit 2A included copies of the indictments and judgments for the
prior offenses as well as appellant's photo and fingerprints. Included in Exhibit 2 but not
allowed into evidence were copies of appellant's prison disciplinary reports. 

 Petersimes contends the evidence in Exhibit 2A was not relevant and thus was
inadmissible under Rule of Evidence 402. Tex. R. Evid. 402. Chapter 841's requirement
that a person targeted for commitment be convicted of "more than one sexually violent
offense" is jurisdictional in nature, according to Petersimes. He also maintains the
requirement that the prosecutor prove the prior convictions was satisfied when he stipulated
he had been convicted of those prior convictions and thus the evidence was not relevant to
any issue the jury had to decide. 

 Petersimes further asserts that even if the evidence were relevant, it was unfairly
prejudicial and should have been excluded under Rule 403. See Tex. R. Evid. 403. 
Admitting such evidence, he argues, only allows the jury to focus improperly on appellant's
previous convictions or bad character, contrary to Tamez v. State, 11 S.W.3d 198, 202 (Tex.
Crim. App. 2000).

 In Tamez, the State introduced evidence of six prior convictions for driving while
intoxicated; the convictions were relevant only to establish the two prior convictions required
for felony jurisdiction. Id. By refusing to permit the stipulation, the Tamez trial court
allowed evidence to reach the jury that was substantially more prejudicial than probative. 
Id. Here, however, Petersimes's prior convictions are not being offered only for
jurisdictional purposes. Instead, the State offered evidence of appellant's prior convictions
to prove he would act in a sexually violent manner in the future. Therefore, admission of the
redacted penitentiary packets were not unfairly prejudicial. (2) Issue six is overruled. 

 Appellant's issues are overruled. The judgment and order of the trial court are
affirmed.

 AFFIRMED.

 ________________________________

 DON BURGESS

 Justice

Submitted on August 14, 2003 

Opinion Delivered November 20, 2003



Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. I dissented in Almaguer on this issue. See Almaguer, 2003 WL 222133 at *6-8.
2. Not before us in this case is whether admission of disciplinary records would be
unfairly prejudicial.