IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-173-04






OSCAR BRITO CARRASCO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


PRESIDIO COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION 



 I disagree with the majority's analysis of the decision of the trial judge in
overruling Appellant's objection to the admission of the stipulation. The majority reasons
that because the trial judge in the second trial was the same judge who signed the
stipulation and presided over the first trial, he was aware of the circumstances
surrounding the stipulation and concluded that the use of the stipulation was not limited to
the first trial. Thus, because the stipulation was used in the first trial, the majority sees no
reason why it should be excluded from the second trial. I disagree that the determination
of whether a stipulation is admissible should be based on the fact that it was used in a
previous trial. We should instead disregard the previous use and consider the purpose of
the stipulation.

 The Appellant stipulated to the underlying facts of the crime and was presenting a
defense of insanity. Both the State and Appellant agreed that the stipulation was entered
into in order to save time in the first trial. Appellant additionally stated that the
stipulation was entered into due to the unavailability of some of the State's witnesses at
the time of the first trial, so the stipulation was a substitute for the testimony of the
witnesses. However, at the retrial, the State presented these witnesses, so the purpose of
the stipulation no longer existed. And, some of the items of evidence listed in the
stipulation were not initially going to be admitted by the State, but later, at the retrial,
were admitted into evidence. Because the stipulation duplicated evidence that was
already presented by the State, Appellant objected that the State was not abiding by the
agreement and thus it was no longer binding and should not be admitted. 

 Texas Rule of Evidence 403 provides: "Although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence" (emphasis added). In Tamez v.
State, 11 S.W.3d 198 (Tex. Crim. App. 2000), the defendant was charged with DWI. The
offense was raised to a third degree felony because the defendant had at least two prior
convictions. We held that it was a violation of Rule 403 for the trial court to allow the
State to present evidence of defendant's six previous DWI convictions rather than allow
the defendant to stipulate to two prior convictions. Although this case is slightly different
in that the defendant was not allowed to stipulate while in the case before us, Appellant's 
stipulation was entered over his objection, the issue is the same-whether the State was
allowed to needlessly present cumulative evidence. 

 Since the State chose another path for presenting the evidence, which abolished the
reason the parties entered into the stipulation, the stipulation should have been rendered
void. I would have considered the nullified purpose of the stipulation as well as analyzed
the decision of the trial judge under Rule of Evidence 403 and held that he abused his
discretion in admitting the stipulation into evidence. 

 However, because the admission of the stipulation merely duplicated evidence that
was already presented and served only to bolster the State's case, the admission of the
stipulation over Appellant's objection was harmless. Therefore, while I disagree with the
analysis, I agree with the result and concur in the majority's decision to affirm the
judgment of the court of appeals.

 Meyers, J.

Filed: January 19, 2005

Publish