In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00218-CR


______________________________




MARQUIS RICHARDSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 21116




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Marquis Richardson appeals from his conviction for possession with intent to deliver
cocaine, between four and 200 grams. After the trial court denied his pretrial motion to suppress the
evidence based on a claim that the search was improper, Richardson pled guilty. He was sentenced
to twelve years' imprisonment.

 Richardson contends the court erred by finding the search that resulted in discovery of the
contraband lawful because police made an unlawful warrantless entry into the apartment. He argues
that he had standing to contest the search because he was an overnight guest in the apartment, and
also that there were no exigent circumstances to justify a warrantless search.

 Richardson has a second appeal before us in cause number 06-06-00217-CR. The record is
the same for both cases, and the briefs and arguments raised on appeal are identical. For the reasons
set out in that opinion, we likewise find that he had no standing to contest this search, and we reach
the same conclusion in this opinion. 

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 21, 2007

Date Decided: April 18, 2007


Do Not Publish



 (Tex. Crim. App. 1991)). 
If the trial court's decision was within the bounds of reasonable disagreement, we will not
disturb its ruling. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op.
on reh'g). 

 The introduction of the prior convictions did not prejudice Mixon because that is
precisely the type of evidence deemed by the Legislature as relevant to the determination
of sentencing, and there was no danger of its improper use to determine his guilt after he
had entered a plea of guilty. In Tamez v. State, 11 S.W.3d 198 (Tex. Crim. App. 2000),
the Texas Court of Criminal Appeals held that, when a defendant stipulates to his or her
prior DWI convictions, they are inadmissible during the state's case-in-chief under Texas
Rule of Evidence 403. The court found that the "defendant's stipulation to a previous
conviction should suffice when it carries the same evidentiary value as the judgments of
prior convictions, yet substantially lessens the likelihood that the jury will improperly focus
on the previous conviction or the defendant's 'bad character.'" Id. at 202. In Robles v.
State, 85 S.W.3d 211 (Tex. Crim. App. 2002), the court acknowledged that evidence of two
prior DWI convictions is an element of felony DWI under Tex. Pen. Code Ann. § 49.09(b),
but held that, where a defendant stipulates to their existence, the admission is error
because the danger of unfair prejudice from the introduction of that evidence substantially
outweighs its probative value. Id. at 213-14. 

 The rationale for excluding the admitted prior convictions during the state's case-in-chief is not applicable to the sentencing of a defendant. When a defendant enters a guilty
plea, the proceeding becomes a "unitary trial" to determine the remaining issue of
punishment. Ricondo v. State, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g);
Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. [Panel Op.] 1981). The guilty
plea admits the existence of all facts necessary to establish guilt and, in such cases, the
introduction of testimony by the state is to enable the jury or judge to intelligently exercise
discretion in the assessment of punishment. Williams v. State, 674 S.W.2d 315, 318 (Tex.
Crim. App. 1984). Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2003)
provides plain language granting trial courts almost unfettered discretion to admit any
evidence of prior crimes or bad acts during the sentencing portion of a proceeding. The
relevant language reads as follows: 

[E]vidence may be offered by the state and the defendant as to any matter
the court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which
he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally
convicted of the crime or act.Evidence of prior convictions is precisely the type of evidence deemed relevant to the
determination of sentencing by the Legislature, and the rationale in Tamez, 11 S.W.3d at
202, and Robles, 85 S.W.3d at 213-14, that the jury will improperly focus on the previous
conviction or the defendant's "bad character" to determine guilt, is inapplicable where guilt
has already been admitted.

 The admission of the "pen packs" of Mixon's prior DWI convictions at sentencing
was not cumulative, but provided other evidence and circumstances of the convictions 
relevant to sentencing. As noted above, the trial court has broad discretion to admit
evidence of the criminal record of a defendant and other evidence of his or her general
reputation or character. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a). The "pen
packs" admitted by the trial court provided evidence of the criminal record of Mixon, and
other evidence and circumstances as to those convictions which were relevant to
sentencing. This enabled the trial court to intelligently exercise discretion in the
assessment of punishment. Williams, 674 S.W.2d at 318. Mixon's contention is overruled. 

 We affirm the judgment. 

 


 Donald R. Ross

 Justice


Date Submitted: September 8, 2003

Date Decided: September 9, 2003


Do Not Publish