

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00014-CR
No. 07-19-00015-CR

THE STATE OF TEXAS, APPELLANT

V.

ERIKA LOZANO-PELAYO, APPELLEE

On Appeal from the 381st District Court
Starr County, Texas
Trial Court Nos. 18-CR-57 & 18-CR-59; Honorable Jose Luis Garza, Presiding

February 28, 2020

## CONCURRING OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, the State of Texas, appeals the orders of the trial court, entered December 5, 2018, granting the motion filed by Appellee, Erika Lozano-Pelayo, seeking to quash the indictments in the above-reference cause numbers.[1]  The majority reverses

---

[1] The State is entitled to appeal an order of a court in a criminal case if the order dismisses any portion of an indictment.  TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West 2018).  At oral argument, the State confirmed that proceedings before the trial court have been stayed pending our disposition of these appeals.  Id. at art. 44.01(e).

those orders and remands the matters for further proceedings.  While I concur in the opinion of the majority, I write separately to identify an area of the law where practitioners and judges—especially legal writers—could better serve the jurisprudence of this State if they would choose their words more carefully.  This case provides a good example of why a pellucid way of writing is so important.  Here, I would carefully distinguish between an allegation used to "elevate" an offense and an allegation used to "enhance" a range of punishment.  While both terms have been used interchangeably to describe allegations intended to effect raising the applicable range of punishment, there are subtle differences which impact the way we analyze the legal questions surrounding the inclusion of such allegations.

Unfortunately, many legal scholars, appellate justices, judges, practitioners, and even legislators have loosely used the term "enhancement" to refer to allegations that could more clearly be described as "offense elevating allegations."  Offense elevating allegations are allegations which, when properly included in the charging instrument, define a new offense which is clearly distinguishable from, but similar to, a lesser grade offense.  The offense elevating allegation serves to *elevate* the lesser grade offense to a higher grade of offense.  The most common of these offense elevating allegations is an allegation that the defendant has previously been convicted of the offense of driving while intoxicated in the prosecution of a new charge of driving while intoxicated.  In such a case, the offense elevating allegation elevates a first time Class B misdemeanor, driving while intoxicated offense, to either a Class A misdemeanor, driving while intoxicated offense (one prior conviction) or a third degree felony driving while intoxicated offense (two prior convictions).  In both cases, the elements of the primary offense are identical—operating

a motor vehicle in a public place while intoxicated. It is the inclusion of the offense elevating allegation—an element of the greater offense—that elevates the proscribed conduct to a new, distinctly different, higher grade of offense. In such cases, the range of punishment has not been *enhanced* at all. The difference is the new, higher grade offense is now punishable within the range of punishment for the higher grade of offense to which it has been elevated.

Compare that to a punishment *enhancement*, pursuant to the provisions of the Texas Penal Code, where, upon proper notice, the range of punishment is *enhanced* to a higher grade of punishment due to the allegations in a punishment enhancement allegation. *See* TEX. PENAL CODE ANN. §§ 12.42, 12.425, 12.43 (West 2019). In such instances, an offense which is "punished as" a higher offense only raises the level of punishment and not the degree of the offense. *See Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018). Because punishment enhancements do not elevate the degree of the offense, judgments involving enhanced ranges of punishment often incorrectly describe the "degree of the offense" according to the higher range of punishment, which was never changed by the punishment enhancement allegation.

Applicable to the facts of these appeals, by her motion to quash the indictments, Appellee contended that election fraud was a misdemeanor and, therefore, the district court lacked jurisdiction over the claims against her. While a single violation of the election fraud statute is a Class A misdemeanor, two or more violations of that statute within the same election is "increased to the next higher category of offense," which would be a state jail felony. *See* TEX. ELEC. CODE ANN. § 276.013(b), (c)(3) (West Supp. 2019). As such, each allegation contained in the indictments that Appellee committed another

3

offense under the same section of the Texas Election Code in the same election was an *offense elevating allegation*, rather than a true punishment "enhancement." Because each allegation was also jurisdictional, the State was required to both plead it in the indictments and prove it during the guilt-innocence phase of the trial.

Similarly, while fraudulent use of application for ballot by mail is a state jail felony, section 84.0041(d) provides that "[a]n offense under this section is increased to the *next higher category of offense* if it is shown on the trial of an offense" that either "the defendant was previously convicted of an offense under this code" or "the defendant committed another offense under this section in the same election." *Id.* at § 84.0041(b), (d) (West Supp. 2019). As such, each allegation contained in the indictments that Appellee committed another offense under the same section of the Texas Election Code in the same election was an *offense elevating allegation*, rather than a true punishment "enhancement." The prosecution would be required to prove the *offense elevating allegation* as an element of the offense itself in order to avoid an instructed verdict. When a statutory element, such as a prior conviction or another offense, is used to elevate the degree of the offense, such an offense elevating allegation must be alleged in the indictment. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000).

Consequently, I conclude and concur with the majority in finding that the State's indictments of Appellee for election fraud properly invoked the district court's felony jurisdiction and the offense elevating allegation contained in the indictments is an element of the state jail felony offense of election fraud, which must be proven by the State during the guilt-innocence phase of the trial because it is jurisdictional. Furthermore, I conclude and concur with the majority in finding that the State's indictments of Appellee for the

offense of fraudulent use of application for ballot by mail properly included an offense elevating allegation which may be proven by the State during the punishment phase of the trial since that allegation is not jurisdictional. Additionally, I would distinguish and make clear that none of the allegations at issue in these cases are punishment "enhancement" allegations.


Patrick A. Pirtle
Justice


Publish.