SANDERS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-039-CR

KEVIN D. SANDERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Kevin D. Sanders appeals his conviction for possession of a firearm by a felon.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  The court has given appellant the opportunity to file a pro se brief, but he has not done so.  

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds by
 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

II. Background Facts

On August 4, 2002 Fort Worth Police Officer Yatashka Jefferson responded to a fight call at an apartment complex at 1244 Lavine Circle in Fort Worth.  When Officer Jefferson arrived, a bystander pointed to appellant and said, “Before anybody can tell you their side of the story that man over there in the sleeveless shirt and blue jeans had a gun.”  Officer Jefferson noticed the handle of a gun sticking out of appellant’s pocket.  Officer Jefferson followed appellant into the breezeway of the apartment complex.  Another bystander told appellant, “KD, look out.”  Appellant turned around and noticed Officer Jefferson, who then grabbed appellant’s wrists.  The two struggled before appellant broke free and ran. 

Appellant ran through an apartment and jumped through its kitchen window to the parking lot outside.  As he was running through the parking lot, appellant threw his gun over a fence.  Officer Jefferson’s partner, who was also pursuing appellant, went to retrieve the gun.  Officer Jefferson later saw his partner carrying a gun that matched the description of the one appellant threw over the fence.  Officer Jefferson eventually caught and arrested appellant.  Appellant entered an open plea of guilty to the charge of possession of a firearm by a felon.  After a punishment hearing, the trial court assessed appellant’s punishment at eight years’ confinement. 

III. Independent Review
        

There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The record does not indicate whether appellant filed any motions before entering his open plea of guilty.  

The record reflects that appellant knowingly and voluntarily entered his plea.  Although appellant waived his right to have a court reporter make a record of the proceeding in which appellant entered his plea, the record does contain the trial court’s written plea admonishments to appellant.  Appellant signed a form stating that he had received and reviewed the admonishments with his attorney, that he understood each and every admonishment, and that he had no questions for the judge or his attorney concerning the admonishments.  Nothing in the record would support a claim that appellant’s plea was involuntary.

There are no errors that are not independent of the judgment of guilt.  Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  Considering the totality of the representation of appellant’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  

Appellant’s counsel sets out four possible sources of error, each occurring during appellant’s sentencing hearing.  In his first possible source of error, appellant’s counsel argues that the trial court abused its discretion by overruling appellant’s hearsay objection and admitting evidence of statements made by an unknown person to appellant just before his arrest.  Officer Jefferson testified that a bystander told appellant “KD, look out.”  Appellant objected, arguing the testimony was hearsay.  The trial court overruled appellant’s objection. 

We review a trial court’s ruling on the admissibility of evidence for abuse of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  According to rule 801(d) of the rules of evidence, hearsay is a “statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”   
Tex. R. Evid.
 801(d).  Here, the statement “KD, look out” was not offered to prove the truth of the matter asserted.  In fact, as appellant’s counsel notes, no assertion of fact was made in the statement.  The statement was admissible to show how appellant became aware that Officer Jefferson was following him.  
See Young v. State
, 10 S.W.3d 705, 712 (Tex. App.སྭTexarkana, pet. ref’d) (holding out-of-court statement admissible to show its effect on the listener), 
cert. denied
, 528 U.S. 1063 (1999).    

In his second possible source of error, appellant’s counsel argues that the trial court abused its discretion by admitting evidence from the arresting officer concerning his partner’s activities about which the arresting officer did not have personal knowledge.  Officer Jefferson testified that as he was chasing appellant, his partner retrieved the gun that appellant threw over a fence.  Appellant objected, arguing that because Officer Jefferson did not actually see his partner get the gun, Officer Jefferson was not competent to testify that his partner retrieved the gun.  The trial court granted the prosecutor’s request to continue as long as the prosecutor established facts from which Officer Jefferson could testify. 

Officer Jefferson then described the gun that he saw appellant carrying and exactly where he saw appellant throw the gun.  He also testified that the gun that his partner retrieved was the same type as the one he saw appellant carrying earlier.  The trial court never ruled on appellant’s objection, and appellant did not object to the lack of a ruling.  Therefore, any error in admission of the testimony was not preserved for review.  
See
 
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

In his third possible source of error, appellant’s counsel argues that the trial court abused its discretion by admitting evidence concerning a statement made to the arresting officer by an unknown person upon arrival at the scene.  Officer Jefferson testified that when he first arrived at the apartment complex, a bystander pointed to appellant.  The prosecutor asked Officer Jefferson what the bystander said, and appellant objected, arguing that the testimony was hearsay and that it was evidence of extraneous matters not relevant to the prosecution.  The trial court overruled appellant’s objection and allowed Officer Jefferson to testify that the bystander told him that appellant had a gun. 

The bystander’s statement was not hearsay because it was not offered to show the truth of the matter asserted, that appellant in fact had a gun.  Rather, the statement was offered to show why Officer Jefferson approached appellant.  
See
 
Tex. R. Evid.
 801(d); 
Oberg v. State
, 890 S.W.2d 539, 542 (Tex. App.སྭEl Paso 1994, pet. ref’d).  As to appellant’s objection that the statement referred to extraneous matters not relevant to the prosecution, article 37.07 allows the State and the defendant to offer during the punishment phase of a trial evidence as to “any matter the court deems relevant to sentencing.”  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2004-05).   Further, the statement did not refer to an extraneous matter but to the conduct for which appellant was prosecuted.  Accordingly, the trial court did not abuse its discretion by allowing the bystander’s statement.

In his fourth possible source of error, appellant’s counsel argues that the trial court abused its discretion by admitting evidence of appellant’s prior felony conviction.  The State offered a copy of appellant’s “pen packet” relating to his felony conviction alleged in the indictment.  Appellant objected, arguing that the pen packet was not relevant or probative.  Appellant cited 
Old Chief v. United States
, 519 U.S. 172, 117 S. Ct. 644 (1997) and argued that the pen packet was not admissible because he pled guilty to the offense of possession of a firearm by a felon, which includes as one of its elements a prior felony conviction.  
See
 
Tex. Penal Code Ann.
 § 46.04(a) (Vernon Supp. 2004-05).

In 
Old Chief
, the Supreme Court held that the district court abused its discretion by not allowing the defendant to admit to a prior felony conviction, which was an element of the offense with which he was charged, and by instead admitting a full record of his prior conviction.   
Old Chief
, 519 U.S. at 173, 117 S. Ct. at 646-47.  In 
Tamez v. State
, the defendant was convicted of felony driving while intoxicated (DWI), an offense which includes as one of its elements two prior DWI convictions.  11 S.W.3d 198, 199 (Tex. Crim. App. 2000); 
see
 
Tex. Penal Code Ann.
 § 49.09(b) (Vernon Supp. 2004-05).   The Texas Court of Criminal Appeals adopted a similar rule to the one adopted in 
Old Chief
 and held that the trial court erred by allowing the State to introduce evidence of the defendant’s six prior DWI convictions during the State’s case-in-chief when the defendant agreed to stipulate to two prior DWI convictions.  
Tamez
, 11 S.W.3d at 202-03.  

Unlike the present case, however, 
Tamez 
dealt with the introduction of evidence of the defendant’s prior convictions during the guilt-innocence phase of the trial.  
Id
. at 199.  Here, the State offered the pen packet during appellant’s punishment hearing after he had pled guilty to the charged offense.  Further, as we discussed earlier, article 37.07 of the code of criminal procedure allows the state and the defendant to offer during the punishment phase of a trial evidence as to “any matter the court deems relevant to sentencing.”  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1).  Therefore, the trial court did not abuse its discretion by admitting during the punishment hearing the pen packet relating to appellant’s prior felony conviction.

Finally, the trial court assessed punishment within the statutory range.  Possession of a firearm by a felon is a is a third degree felony with a penalty range of two to ten years’ confinement.  
See 
Tex. Penal Code Ann.
 ྷ 12.34(a) (Vernon 2003), ྷ 
46.04(
a).  The trial court assessed appellant’s punishment at eight years’ confinement.  There is nothing to suggest that the trial court erred in sentencing appellant.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could  arguably be successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 28, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.