COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-039-CR
  
  
KEVIN 
D. SANDERS                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Kevin D. Sanders appeals his conviction for possession of a firearm by a 
felon.  We affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief. The court has given 
appellant the opportunity to file a pro se brief, but he has not done so.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of appellant’s plea, error 
that is not independent of the judgment of guilt, and error occurring after 
entry of the guilty plea.  Monreal v. State, 99 S.W.3d 615, 620 
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 
1996), disapproved on other grounds by Cooper v. State, 45 S.W.3d 
77 (Tex. Crim. App. 2001); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. 
Crim. App. 1994).  Our independent review of the record reveals that 
counsel has correctly determined that there are no arguable grounds for relief.
II. Background Facts
        On 
August 4, 2002 Fort Worth Police Officer Yatashka Jefferson responded to a fight 
call at an apartment complex at 1244 Lavine Circle in Fort Worth. When Officer 
Jefferson arrived, a bystander pointed to appellant and said, “Before anybody 
can tell you their side of the story that man over there in the sleeveless shirt 
and blue jeans had a gun.”  Officer Jefferson noticed the handle of a gun 
sticking out of appellant’s pocket.  Officer Jefferson followed appellant 
into the breezeway of the apartment complex.  Another bystander told 
appellant, “KD, look out.”  Appellant turned around and noticed Officer 
Jefferson, who then grabbed appellant’s wrists. The two struggled before 
appellant broke free and ran.
        Appellant 
ran through an apartment and jumped through its kitchen window to the parking 
lot outside.  As he was running through the parking lot, appellant threw 
his gun over a fence.  Officer Jefferson’s partner, who was also pursuing 
appellant, went to retrieve the gun.  Officer Jefferson later saw his 
partner carrying a gun that matched the description of the one appellant threw 
over the fence.  Officer Jefferson eventually caught and arrested 
appellant.  Appellant entered an open plea of guilty to the charge of 
possession of a firearm by a felon.  After a punishment hearing, the trial 
court assessed appellant’s punishment at eight years’ confinement.
III. Independent Review
        There 
are no jurisdictional errors. The indictment conferred jurisdiction on the trial 
court and provided appellant with sufficient notice to prepare a defense.  See 
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).  The record does not indicate whether appellant filed any motions 
before entering his open plea of guilty.
        The 
record reflects that appellant knowingly and voluntarily entered his plea.  
Although appellant waived his right to have a court reporter make a record of 
the proceeding in which appellant entered his plea, the record does contain the 
trial court’s written plea admonishments to appellant.  Appellant signed 
a form stating that he had received and reviewed the admonishments with his 
attorney, that he understood each and every admonishment, and that he had no 
questions for the judge or his attorney concerning the admonishments.  
Nothing in the record would support a claim that appellant’s plea was 
involuntary.
        There 
are no errors that are not independent of the judgment of guilt.  Counsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment.  
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 
(1984).  Considering the totality of the representation of appellant’s 
trial counsel, the record contains nothing that would indicate that counsel’s 
performance was deficient.  See id. at 687, 104 S. Ct. at 
2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
        Appellant’s 
counsel sets out four possible sources of error, each occurring during 
appellant’s sentencing hearing.  In his first possible source of error, 
appellant’s counsel argues that the trial court abused its discretion by 
overruling appellant’s hearsay objection and admitting evidence of statements 
made by an unknown person to appellant just before his arrest.  Officer 
Jefferson testified that a bystander told appellant “KD, look out.”  
Appellant objected, arguing the testimony was hearsay.  The trial court 
overruled appellant’s objection.
        We 
review a trial court’s ruling on the admissibility of evidence for abuse of 
discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 
1990) (op. on reh’g).  According to rule 801(d) of the rules of evidence, 
hearsay is a “statement, other than one made by the declarant while testifying 
at the trial or hearing, offered in evidence to prove the truth of the matter 
asserted.” Tex. R. Evid. 801(d).  Here, the 
statement “KD, look out” was not offered to prove the truth of the matter 
asserted.  In fact, as appellant’s counsel notes, no assertion of fact 
was made in the statement.  The statement was admissible to show how 
appellant became aware that Officer Jefferson was following him.  See 
Young v. State, 10 S.W.3d 705, 712 (Tex. App.—Texarkana, pet. ref’d) 
(holding out-of-court statement admissible to show its effect on the listener), cert. 
denied, 528 U.S. 1063 (1999).
        In 
his second possible source of error, appellant’s counsel argues that the trial 
court abused its discretion by admitting evidence from the arresting officer 
concerning his partner’s activities about which the arresting officer did not 
have personal knowledge.  Officer Jefferson testified that as he was 
chasing appellant, his partner retrieved the gun that appellant threw over a 
fence.  Appellant objected, arguing that because Officer Jefferson did not 
actually see his partner get the gun, Officer Jefferson was not competent to 
testify that his partner retrieved the gun.  The trial court granted the 
prosecutor’s request to continue as long as the prosecutor established facts 
from which Officer Jefferson could testify.
        Officer 
Jefferson then described the gun that he saw appellant carrying and exactly 
where he saw appellant throw the gun.  He also testified that the gun that 
his partner retrieved was the same type as the one he saw appellant carrying 
earlier.  The trial court never ruled on appellant’s objection, and 
appellant did not object to the lack of a ruling.  Therefore, any error in 
admission of the testimony was not preserved for review.  See Tex. R. App. P. 33.1(a)(2); Mendez v. 
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
        In 
his third possible source of error, appellant’s counsel argues that the trial 
court abused its discretion by admitting evidence concerning a statement made to 
the arresting officer by an unknown person upon arrival at the scene.  
Officer Jefferson testified that when he first arrived at the apartment complex, 
a bystander pointed to appellant.  The prosecutor asked Officer Jefferson 
what the bystander said, and appellant objected, arguing that the testimony was 
hearsay and that it was evidence of extraneous matters not relevant to the 
prosecution.  The trial court overruled appellant’s objection and allowed 
Officer Jefferson to testify that the bystander told him that appellant had a 
gun.
        The 
bystander’s statement was not hearsay because it was not offered to show the 
truth of the matter asserted, that appellant in fact had a gun.  Rather, 
the statement was offered to show why Officer Jefferson approached 
appellant.  See Tex. R. Evid. 
801(d); Oberg v. State, 890 S.W.2d 539, 542 (Tex. App.—El Paso 1994, 
pet. ref’d).  As to appellant’s objection that the statement referred 
to extraneous matters not relevant to the prosecution, article 37.07 allows the 
State and the defendant to offer during the punishment phase of a trial evidence 
as to “any matter the court deems relevant to sentencing.” Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a)(1) (Vernon Supp. 2004-05).  Further, the statement did not refer to 
an extraneous matter but to the conduct for which appellant was 
prosecuted.  Accordingly, the trial court did not abuse its discretion by 
allowing the bystander’s statement.
        In 
his fourth possible source of error, appellant’s counsel argues that the trial 
court abused its discretion by admitting evidence of appellant’s prior felony 
conviction.  The State offered a copy of appellant’s “pen packet” 
relating to his felony conviction alleged in the indictment. Appellant objected, 
arguing that the pen packet was not relevant or probative.  Appellant cited 
Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644 (1997) and 
argued that the pen packet was not admissible because he pled guilty to the 
offense of possession of a firearm by a felon, which includes as one of its 
elements a prior felony conviction.  See Tex. Penal Code Ann. § 46.04(a) (Vernon 
Supp. 2004-05).
        In 
Old Chief, the Supreme Court held that the district court abused its 
discretion by not allowing the defendant to admit to a prior felony conviction, 
which was an element of the offense with which he was charged, and by instead 
admitting a full record of his prior conviction.  Old Chief, 519 
U.S. at 173, 117 S. Ct. at 646-47.  In Tamez v. State, the defendant 
was convicted of felony driving while intoxicated (DWI), an offense which 
includes as one of its elements two prior DWI convictions.  11 S.W.3d 198, 
199 (Tex. Crim. App. 2000); see Tex. 
Penal Code Ann. § 49.09(b) (Vernon Supp. 2004-05).  The Texas Court 
of Criminal Appeals adopted a similar rule to the one adopted in Old Chief 
and held that the trial court erred by allowing the State to introduce evidence 
of the defendant’s six prior DWI convictions during the State’s 
case-in-chief when the defendant agreed to stipulate to two prior DWI 
convictions.  Tamez, 11 S.W.3d at 202-03.
        Unlike 
the present case, however, Tamez dealt with the introduction of evidence 
of the defendant’s prior convictions during the guilt-innocence phase of the 
trial.  Id. at 199.  Here, the State offered the pen packet 
during appellant’s punishment hearing after he had pled guilty to the charged 
offense.  Further, as we discussed earlier, article 37.07 of the code of 
criminal procedure allows the state and the defendant to offer during the 
punishment phase of a trial evidence as to “any matter the court deems 
relevant to sentencing.” Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a)(1).  Therefore, the trial court did not abuse its discretion by 
admitting during the punishment hearing the pen packet relating to appellant’s 
prior felony conviction.
        Finally, 
the trial court assessed punishment within the statutory range.  Possession 
of a firearm by a felon is a is a third degree felony with a penalty range of 
two to ten years’ confinement.  See Tex. Penal Code Ann. § 12.34(a) (Vernon 
2003), § 46.04(a).  The trial court assessed appellant’s punishment at 
eight years’ confinement.  There is nothing to suggest that the trial 
court erred in sentencing appellant.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant could arguably be 
successful on appeal.  Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
  
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.