**AFFIRM; and Opinion Filed May 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00887-CR

---

**MICALOSA BERNARD MCDANIEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1362016-J**

---

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Schenck

Micalosa Bernard McDaniel (Appellant) appeals his conviction of unlawful possession of a firearm by a felon in two issues. In his first issue, Appellant argues the evidence is legally insufficient to support his conviction. In his second issue, Appellant contends the trial court erred by overruling Appellant's objection to reading to the jury the portion of the indictment describing the type of prior offense Appellant committed when Appellant had already agreed to stipulate to the prior felony. We affirm his conviction in full. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

**DISCUSSION**

**1. Sufficiency of the evidence**

*Standard of Review*

When conducting a legal sufficiency review, we must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"—not whether "*it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In doing so, we assess all of the evidence in the light most favorable to the verdict. *Id.* at 319). This same standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009). After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element. *Id.* at 518.

*Applicable Law*

To establish unlawful possession of a firearm by a felon, the State is required to show appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision or parole, whichever is later. TEX. PEN. CODE ANN. § 46.04(a)(1). "Possession" means actual care, custody, control, or management. *Id.* § 1.07(a)(39). A person commits a possession offense only if he voluntarily possesses the prohibited item. *See id.* § 6.01(a)). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b)).

In cases involving unlawful possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for determining the sufficiency of the evidence in cases of unlawful possession of a controlled substance. *Young v. State,* 752 S.W.2d 137, 140 (Tex. App.—Dallas 1988, pet. ref'd). Thus, the State is required to prove: (1) the accused exercised

actual care, control, or custody of the firearm; (2) he was conscious of his connection with it; and (3) he possessed the firearm knowingly or intentionally. *Cude v. State,* 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). The State's evidence, which may be either direct or circumstantial, must establish the accused's connection with the firearm was more than just fortuitous. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

If the firearm is not found on the accused's person or is not in the exclusive possession of the accused, the evidence must affirmatively link the accused to the firearm. *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.) Factors which may establish affirmative links include whether: (1) the contraband was in plain view; (2) the accused was the owner of the car in which the contraband was found; (3) the accused was the driver of the car in which the contraband was found; (4) the accused was in close proximity and had ready access to the contraband; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) contraband was found on the accused; (7) the defendant attempted to flee; (8) conduct by the accused indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the accused had a special connection or relationship to the contraband; (11) the place where the contraband was found was enclosed; (12) occupants of the automobile gave conflicting statements about relevant matters; and (13) affirmative statements connect the accused to the contraband, including incriminating statements made by the accused when arrested. *Id.* at 216-17. The number of factors present is not talismanic. *Id.* at 217. Rather, it is the logical force or the degree to which the factors, alone or in combination, tend to affirmatively link the accused to the contraband. *Id.*

### Application of Law to Facts

Here, the record reveals several affirmative links between Appellant and the firearm. The firearm was found under the backseat cushion on the same side of the car where Appellant was

sitting. Trial testimony established that the backseat cushion was not attached to the car, so Appellant could have easily lifted a corner of the backseat cushion to place the gun under the backseat. Prior to the traffic stop, the arresting officer saw Appellant moving around, trying to bend down as if concealing something. The record shows Appellant made incriminating statements in phone calls from the jail, stating he knew if he did not get out of the car, he would be "good" because "I know what I got." Appellant also related he tried to convince another of the car's occupants to lie and take the gun—"All you have to do is tell them bro it's my gun, boy you'd been in here . . . for about 2 to 3 months." Appellant points out the record shows that Appellant did not drive or own the car, that he was in the car with four other people, and that he was also found to possess drugs, which were recovered from his socks, which might also explain his bending down as if to conceal something during the course of the stop. A jury might have readily drawn the inference that the drugs and gun were equally problematic from Appellant's perspective, and that his furtive attempts to conceal something during the stop reflected his knowledge that he possessed both. After reviewing all the record evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support Appellant's conviction. *See Laster*, 275 S.W.3d at 518. Accordingly, we overrule his first issue.

## 2. Description of prior felony offense

In his second issue, Appellant contends the trial court erred by overruling his objection to the State's reading to the jury the portion of the indictment describing the type of prior felony offense committed as the predicate to the offense of felon in possession of a firearm when Appellant agreed to stipulate to the underlying felony conviction. Appellant urges that evidence of his prior offense carries the risk of unfair prejudice because in addition to the firearm offense, he was charged with two counts of possession of a controlled substance, and his prior offense was possession of a controlled substance.

Article 36.01(a)(1) of the Texas Code of Criminal Procedure provides that "[t]he indictment or information shall be read to the jury by the attorney prosecuting . . . ." TEX. CODE. CRIM. PROC. ANN. art. 36.01(a)(1). Rule 403 of Texas Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . ." TEX. R. EVID. 403.

Appellant relies on three cases for the argument that once a defendant charged with possession of a firearm by a felon stipulates to a prior conviction and objects to the reading of the portion of the indictment describing the type of prior felony offense committed, it is error to permit the State to read those facts to the jury as required by article 36.01(a)(1). *See Old Chief v. United States*, 519 U.S. 172 (1997); *Tamez v. State*, 11 S.W.3d 198 (Tex. Crim. App. 2000); *McIlroy v. State*, 188 S.W.3d 789 (Tex. App.—Fort Worth 2006, no pet.). In all three cases, the defendant offered to stipulate to the prior convictions and objected to the reading of the full indictment. In *Old Chief* and *Tamez*, the defendants' offers to stipulate were denied, and the defendants renewed their objections when the prosecutors offered the judgments from the prior convictions. *Old Chief*, 519 U.S. at 175, 177; *Tamez*, 11 S.W.3d at 199, 202. In *McIlroy*, the defendant stipulated to the prior conviction, objected to the full reading of the indictment, and prosecutor did not attempt to introduce the judgment from the prior conviction. *McIlroy*, 188 S.W.3d at 792-93, 96-97. These three cases are distinguishable. Appellant obtained a running objection contemporaneous with the reading of the prior offense, but the agreed stipulation described the prior offense as "possession of a controlled substance." Further, Appellant affirmatively stated he had "no objection" to the admission of either the agreed stipulation or the judgment, despite the fact the judgment described the prior offense as "possession of controlled substance, to wit: heroin."

We conclude that the trial court's error, if any, in permitting the State to read the entire indictment was waived when Appellant affirmatively stated he had "no objection" to the judgment or the agreed stipulation, both of which described Appellant's prior felony offense as "possession of a controlled substance." *Thomas v. State*, 408 S.W.3d 877, 885-86 (Tex. Crim. App. 2013) (holding that where the record does not show whether an abandonment was intended or understood, a "no objection" statement is waiver of earlier-preserved error). Accordingly, we overrule Appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

140887F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICALOSA BERNARD MCDANIEL,
Appellant

No. 05-14-00887-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1362016-J.
Opinion delivered by Justice Schenck.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of May, 2015.