Robert C. HERRING, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–02–0040–CR.

Court of Appeals of Texas, Amarillo.

April 24, 2003.

Discretionary Review Granted Nov. 5, 2003.

Brian E. Murray, Lubbock, for Appellant.

Wade Jackson, Asst. Crim. Dist. Atty., Lubbock, for Appellee.

Before JOHNSON, C.J., QUINN and REAVIS, JJ.

## OPINION

PHIL JOHNSON, Chief Justice.

Our prior opinion dated January 27, 2003 is withdrawn and the following opinion is issued in its place.

Appellant Robert C. Herring was convicted of the offense of failing to register as a sex offender because he failed to report, in person, an intended change of address to local law enforcement personnel seven days prior to the anticipated move. Via two issues, appellant urges that the trial court (1) abused its discretion in denying his offer to stipulate that he had been convicted of an offense that required him to register as a sex offender and then excluding references to and evidence of the exact nature of his prior crime; and (2) erred in overruling his motion to suppress a statement given by him while he was allegedly in custody. We affirm.

## BACKGROUND

Pursuant to a guilty plea, appellant was convicted in June, 1996, of attempted indecency with a child by contact. He was sentenced to 10 years incarceration, probated for five years, and was placed on community supervision.

In January, 2001, appellant was indicted in Lubbock County for intentionally and knowingly failing to timely report an intended change of address to the local law enforcement authority after having been convicted of a reportable sex offense. The indictment specified the reportable offense as the 1996 conviction for attempted indecency with a child by contact.

Prior to trial, appellant offered to stipulate to his 1996 conviction. In conjunction with the proposed stipulation, he moved to preclude the State from informing the jury that he had been convicted of attempted indecency with a child and from introducing testimony and evidence such as parts of the judgment of conviction which would place before the jury the specific offense description. He sought to limit the State to informing the jury that he had been convicted of a "reportable conviction." The State rejected appellant's offer. The trial court refused to accept the stipulation and overruled appellant's motion.

During *voir dire* of the jury panel, the State informed the jury venire that appellant had been convicted of attempted indecency with a child by contact, a reportable conviction, and was thus required to report an intended change of address. When trial began, the indictment specifying the prior conviction was read to the jury. Evidence naming the specific offense was admitted during guilt-innocence, including the judgment from the 1996 conviction and appellant's conditions of community supervision. Witnesses testified to his prior crime having been attempted indecency with a child by contact. The facts underlying the prior offense were not offered as evidence at the guilt-innocence stage.

## ISSUE ONE: OFFER TO STIPULATE

■ In his first issue, appellant complains that the trial court should have accepted his proposed stipulation as to his prior conviction, prohibited the State from informing the jury of the specific offense, and excluded evidence of the specific offense. In support of his argument, he cites *Robles v. State*, 85 S.W.3d 211 (Tex. Crim.App.2002), and *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000).[1]

In *Tamez*, the defendant was charged with felony DWI. The State refused the defendant's offer to stipulate to two prior DWI convictions, and offered proof of six prior DWI convictions. The Court of Criminal Appeals held that in such a situa-

1. Appellant also cites *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). *Old Chief* was decided as a matter of federal evidentiary law. *Old Chief* is persuasive, not binding, authority under the circumstances. *See Tamez*, 11 S.W.3d at 201–02. Accordingly, we look to *Robles* and *Tamez*.

tion, the State, in reading the indictment at the beginning of trial, was to mention only two prior convictions, and was foreclosed from presenting evidence of six convictions in the guilt-innocence phase of its case. *See Tamez*, 11 S.W.3d at 202–03.

In *Robles* the defendant offered to stipulate to his two prior DWI convictions on which the pending indictment for felony DWI was based, and requested the trial court to exclude evidence of the prior convictions. The trial court denied the request, and Robles pled guilty. The Court of Appeals reversed and the Court of Criminal Appeals affirmed the reversal. *Robles*, 85 S.W.3d at 213–14. The basis for the *Robles* holding was that in the guilt-innocence stage of trial, the danger of unfair prejudice from introduction of the evidence substantially outweighed its probative value. *Id.*

We do not believe *Robles* and *Tamez* mandate the conclusion appellant would have us reach.

The State indicted appellant for having intentionally and knowingly failed to notify law enforcement authorities of an intended change of address after having been convicted of attempted indecency with a child by contact. *See* Tex.Crim. P.Code Ann. art. 62.10, 62.02, 62.01(5) (Vernon Supp.2003).[2] Thus, the State undertook to prove both that appellant had been convicted of a crime qualifying as a "reportable conviction" and that appellant intentionally and knowingly failed to notify law enforcement authorities of an intended change of address.[3]

The State was required to read the indictment. *See* CCP art. 36.01(a)1; *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim.App.1985). *See also Tamez*, 11

S.W.3d at 202. Appellant's prior conviction for attempted indecency with a child by contact was specified in the indictment as the reportable conviction, and thus was to be read to the jury. *Id.* Contrary to the situations in *Tamez* and *Robles,* the indictment did not reference unrelated convictions or extraneous bad acts which were not elements of the crime for which appellant was on trial, but which would have been used to elevate appellant's crime to a higher classification or enhance the punishment range. We do not read *Tamez* and *Robles* to preclude reading, as part of the indictment, the specific name attached by statute to an element of the crime with which a defendant is charged. To the extent appellant's motion sought to preclude the State from reading the indictment with the description of appellant's reportable conviction as it was specified in the indictment, the trial court did not err in overruling the motion.

■■■ Further, without deciding but assuming, *arguendo,* that the trial court erred by refusing to exclude evidence of the exact description of appellant's prior crime during the guilt-innocence phase of trial, errors in admitting evidence are nonconstitutional. *See Solomon v. State,* 49 S.W.3d 356, 365 (Tex.Crim.App.2001). Such errors must be disregarded unless they affect substantial rights. *See* Tex. R.App. P. 44.2(b); *Solomon,* 49 S.W.3d at 365.

In analyzing the harm of such evidence, we note that for the most part, appellant's trial strategy was that he was deaf, had very poor communicative skills, did not understand all of the requirements of his community supervision, did not understand

---

2. Further reference to the Code of Criminal Procedure will be by reference to "CCP art. ___."

3. No issue was raised in the trial court or in this court as to the elements of the offense for which appellant was indicted.

his reporting requirements, and thus did not intentionally and knowingly fail to report. Appellant did not testify, but the thrust of his counsel's cross-examination of witnesses was to such effect. Appellant's defense strategy is reflected by his counsel's final jury summation. The summation comprises 13 pages of the reporter's record. Over 10 of those pages are devoted to addressing appellant's alleged lack of communicative skills and reasons for his alleged lack of understanding of reporting requirements. His counsel acknowledged to the jury that appellant "technically" violated the reporting requirement, but argued that the State had not proved appellant intentionally and knowingly did so.

Documents setting out the terms of appellant's community supervision were admitted without objection, except for objection as to the description of the prior crime and age of the victim. The documents contained appellant's registration requirements and were signed by appellant. His community supervision conditions contained multiple references to, among other matters, appellant's restriction from (1) residing in areas where minor children congregate or in residences where they live, (2) accepting employment that would bring him into contact with children, and (3) having contact with children without an adult present. Taking into consideration the reading of the indictment, even if the judgment of conviction had been redacted to delete the exact offense description, and even if the name of the exact offense had been excluded from evidence, the jury would have been fully aware that the prior reportable conviction involved attempted indecency with a child.

We conclude that even if the trial court erred in failing to restrict the State from

offering proof of the exact description of appellant's prior crime, the error did not affect appellant's substantial rights. It was, therefore, harmless. *See Solomon,* 49 S.W.3d at 365.

Appellant's first issue is overruled.

## ISSUE TWO: FAILURE TO SUPPRESS STATEMENT

■ By his second issue, appellant complains that the trial court should have granted his motion to suppress a statement he made to an employee of the police department. He urges that the statement was the result of custodial interrogation and he was not timely advised of his *Miranda* rights or the rights provided by article 38.22 of the Code of Criminal Procedure.[4] The custodial interrogation allegedly occurred when appellant met with Amy Lewis, an employee of the Lubbock Police Department, to report his change of address.

In support of his second issue, appellant cites *Arizona v. Mauro,* 481 U.S. 520, 526–27, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987), and *Miffleton v. State,* 777 S.W.2d 76, 81–2 (Tex.Crim.App.1989), for the proposition that he was "interrogated" by Lewis because her words and actions were reasonably likely to elicit an incriminating response from him. However, he cites no authority for his position that he was in custody at the time he made his statement to Lewis. He argues that he was in custody because under the sex-offender laws he was required to report to Lewis; any attempt to leave or terminate the "interview" would have resulted in criminal prosecution against him; and he had no choice but to participate in the interrogation.

---

4. Pursuant to this article, no statement of an accused made as a result of custodial interrogation is admissible without a showing of certain specified warnings. CCP art. 38.22 §§ 2 and 3.

Article 38.22 of the CCP and *Miranda* apply only to statements made as the result of custodial interrogation. *See* Article 38.22, § 5 (nothing in article precludes admission of statement made by accused if statement does not stem from custodial interrogation); *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Whether a person is in custody is an objective determination based on all the circumstances. *See Dowthitt v. State*, 931 S.W.2d 244, 254–55 (Tex. Crim.App.1996) (citing *Stansbury v. California*, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)). A person is in custody only if, under all the circumstances, a reasonable, innocent person would believe that the person's freedom of movement was restrained to the degree associated with an arrest. *See Dowthitt*, 931 S.W.2d at 255.

The only witness at the suppression hearing was Lewis. She testified that she was an employee of the police department but was not a police officer. She did not wear a uniform when at work. She was responsible for registering sex offenders, maintaining the paper work of the Sex Offender Registration Program, and posting information on a web site. On November 9, 2000, she received a fax from appellant's probation officer to the effect that appellant had changed addresses. On November 15, appellant came into the police department without any request from her. He was there approximately 15 minutes during which time she asked him[5] where he was living and working. He gave her an address where he was living and told her he would be moving again within a week. She explained to him that he was required to notify her seven days prior to a move. Lewis further testified that she

does not read sex offenders their rights when they report to her; she does not consider them to be in custody or under arrest; and appellant was free to leave at any time. On cross-examination, Lewis agreed that the purpose of the interview was to find out where appellant was living and to make a criminal report in "anticipation of prosecution." Even so, she never wavered in her position that appellant was not physically, verbally, or in any other manner restrained. And, to the extent that there were any inconsistencies in Lewis's testimony or any credibility issues, the trial court was the sole judge of those matters and its decision will not be disturbed absent an abuse of discretion. *See Long v. State*, 823 S.W.2d 259, 277 (Tex. Crim.App.1991), *cert. denied*, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992).

Appellant's reporting to Lewis may not have been entirely voluntary: the law required him to report in person. The circumstance of fulfilling his obligation to report in person, in and of itself, however, would not lead a reasonable, innocent person to believe themselves to be restrained to the degree associated with an arrest during the time the report was being made.

Appellant contacted Lewis without prior request from her at a date and time of his own choosing, he was not told he was under arrest, he stayed only 15 minutes, and he left when he chose to do so. Considering all the circumstances, appellant was not in custody. *See Dowthitt*, 931 S.W.2d at 255–56; *Meek v. State*, 790 S.W.2d 618, 622 (Tex.Crim.App.1990) (defendant was not in custody when he came to the fire station of his own free will at a time of his choosing, was allowed to step

---

**5.** Communications between appellant and Lewis were in writing because of appellant's hearing impairment.

outside the building unaccompanied during the interview, left unhindered at the end of the interview, and was not arrested or detained until five weeks later); *Rice v. State,* 893 S.W.2d 734, 737 (Tex.App.-Texarkana 1995, pet. ref'd) (defendant was not in custody when he voluntarily contacted the police officer, was not told he was under arrest, was free to leave at any time, and was taken to his sister's house by the officer at his request). Accordingly, we overrule appellant's second issue.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

QUINN, J. not participating.