**Opinion filed July 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00139-CR

_____

## CURTIS WAYNE TEER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR42737**

## M E M O R A N D U M   O P I N I O N

Curtis Wayne Teer was indicted on two counts of failing to comply with sex offender registration requirements. Count I alleged that Appellant was required to register as a sex offender and failed to report his intended change of address, anticipated move date, and new address in person to the local law enforcement authority in Midland "seven days before the intended change of address and seven days after change of address." Count II alleged that Appellant was required to

register as a sex offender and failed "to report a change in the defendant's job status not later than the seventh day after the date of the change, to the local law enforcement authority of the municipality of Midland." The jury found Appellant guilty on both counts. The trial court assessed his punishment at confinement for four years in the Institutional Division of the Texas Department of Criminal Justice on each count. Appearing pro se, Appellant asserts fourteen issues on appeal. We affirm.

*Background Facts*

Appellant was required to register as a sex offender with the Midland Police Department due to his prior conviction for indecency with a child by contact. Detective Raymond Flores was the coordinator of the sex offender program for the Midland Police Department. He was in charge of completing all registrations for new sex offenders and maintaining records for current registered sex offenders to ensure that they complied with registration requirements. Detective Flores testified that, on July 29, 2013, Appellant registered his current address in Midland at a residence on La Salle Circle. On August 9, 2013, Appellant registered his place of employment with the Midland Police Department as Mayden Oilfield Services in Midland. Those registrations were the last updates that Detective Flores received from Appellant.

On December 27, 2013, Detective Flores received notice that Appellant was in federal custody in Arizona. Detective Flores obtained a warrant for Appellant's arrest after contacting Mayden Oilfield Services and determining that Appellant was out of compliance with his sex offender registration requirements because he was no longer working for the company.

Appellant lived with Paula Neal in Midland and used her address for his last registration with the Midland Police Department. Neal also worked with Mayden

2

Oilfield Services as a contract bookkeeper. Neal testified that Appellant stopped living with her on September 16th or 17th of 2013 when she changed the locks at her home without giving him notice. Neal stated that Appellant stopped working at Mayden Oilfield Services after he stopped living with her because the company went out of business.

After the State rested, Appellant moved for a directed verdict on both counts in the indictment. As to Count I, Appellant asserted that the State failed to prove that he intended to change his residence and that he did not have a chance to notify the Midland Police Department about the move. As to Count II, Appellant asserted that the State failed to prove that he stopped working for Mayden Oilfield Services. The trial court denied both requests.

Appellant testified on his own behalf during the guilt/innocence phase of trial. He stated that he went to Arizona to look for work after Neal locked him out of her house. According to Appellant, he did not go to Arizona intending to change his residence. His job with Mayden Oilfield Services ended on October 23, 2013, and he left Midland on that date. Appellant testified that he drove to Arizona, arriving there on October 25, 2013. On October 26, 2013, he started working for Harpole Construction in Arizona. Appellant testified that he did not have the resources to return to Texas to report his change of residence. Appellant attempted to register in Arizona but failed to register correctly. He was subsequently arrested in Arizona for being unregistered in that state and was later convicted under federal law.

*Sufficiency of the Evidence*

In his first and second issues, Appellant challenges the sufficiency of the evidence supporting his convictions for failing to comply with sex offender registration requirements. We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge,

under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Appellant's first issue is directed at his conviction for Count I. Appellant was charged with violating Article 62.055(a) of the Code of Criminal Procedure for failing to notify law enforcement of his change in address, both before and after his move. TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West Supp. 2016). The statute reads, in pertinent part:

> If a person required to register under this chapter intends to change address . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority . . . and provide the authority and the officer with the

4

person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than . . . the seventh day after changing the address . . . report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

*Id.* Article 62.055(a) provides for two alternate "manners and means" of violating the provision: (1) failing to report a change of address "not later than the seventh day before the intended change" or (2) failing to report "not later than the . . . seventh day after changing the address." *Thomas v. State*, 444 S.W.3d 4, 9–10 (Tex. Crim. App. 2014) (citing *Young v. State*, 341 S.W.3d 417, 427 (Tex. Crim. App. 2011)).

Appellant contends that the evidence was insufficient as to Count I because the State failed to prove that he intended to change his address. He bases this contention on the evidence showing that he did not intend to change his address because he was locked out of his registered residence without notice. Appellant asserts that he could not have notified the Midland Police Department of the change of address at least seven days in advance because he did not know in advance that he would be changing addresses. Appellant asserts that, because Article 62.055 states only that he must report to the local authority where his new residence is located and because his new residence was not in Midland, he was not required to notify the Midland Police Department after his change of address. We disagree.

The evidence shows that Appellant was locked out of his registered residence around September 16 or 17, 2013. Thus, his residence changed on that date. He remained in Midland for approximately one month because he continued to work at Mayden Oilfield Services until October 23, 2013, at which time he left Midland for Arizona. Appellant never reported his new address to the Midland Police Department during this one-month period. Accordingly, the evidence establishes

that Appellant did not notify the Midland Police Department of his change of address from the registered residence either seven days before or seven days after the change.

"Jurors must unanimously agree only that a sex offender failed to fulfill his reporting duty; they are not required to agree as to how he failed that duty." *Young*, 341 S.W.3d at 427–28. Although Appellant may have been unable to notify the Midland Police Department of the initial change of address at least seven days in advance, nothing in the record shows that he was unable to notify them after the change. The focus of the statute is on giving notification to law enforcement and not the means by which a sex offender failed to do so. *Id.* at 427. Because Appellant failed to provide any notice of his change of address to the Midland Police Department, we hold that a rational jury could have found beyond a reasonable doubt that Appellant failed to comply with Article 62.055. *See* CRIM. PROC. art. 62.055(a).

Appellant additionally asserts that there is a variance between the offense alleged and the evidence offered at trial. Appellant is essentially asserting that, after he changed residences to Arizona, he did not have to notify the Midland Police Department because Article 62.055(a) only required him to notify the local law enforcement authority in the municipality or county in which the person's new residence is located. This contention ignores the fact that Appellant remained in Midland for a month after being locked out of the registered address. Accordingly, there is no variance between the offense alleged (failing to notify the Chief of Police of Midland) and the evidence at trial. We overrule Appellant's first issue.

In his second issue, Appellant contends that the evidence was insufficient as to Count II because the State failed to show that his job status at Mayden Oilfield Services changed. Under Article 62.057, an individual required to register as a sex offender must report any change in his job status to the local law enforcement authority designated as his primary registration authority not later than the seventh

day after the date of the change. CRIM. PROC. art. 62.057(b). Appellant primarily contends that the evidence offered at trial by the State on his job status was insufficient because it constituted hearsay through the testimony of Detective Flores and Neal.

Under the applicable standard of review, we consider all of the evidence admitted at trial, including evidence that may have been improperly admitted. *See Winfrey*, 393 S.W.3d at 767; *Clayton*, 235 S.W.3d at 778. Thus, the fact that evidence may have constituted hearsay does not exclude it from our consideration of the sufficiency of the evidence supporting the convictions. Neal testified that Mayden Oilfield Services went out of business and that Appellant stopped working there shortly after he stopped living with her. Additionally, we also consider Appellant's own testimony offered at trial. Appellant testified that his job with Mayden Oilfield Services ended on October 23, 2013, and that he left for Arizona that day without notifying the Midland Police Department of the change in his job status. Based on this evidence, we conclude that a rational trier of fact could have found the elements of the alleged offense in Count II beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638. We overrule Appellant's second issue.

In his fifth issue, Appellant challenges the factual sufficiency of the evidence supporting his convictions. Appellant acknowledges that, in *Brooks v. State*, the Texas Court of Criminal Appeals abolished factual sufficiency review for elements of the offense that the State is required to prove beyond a reasonable doubt. 323 S.W.3d at 894–95 (plurality op.); *id.* at 926 (Cochran, J., concurring); *see Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011) (explaining that *Brooks* "abolished factual-sufficiency review"); *see also Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015) (same). Under principles of stare decisis, this court is

bound to follow the precedent established by the Court of Criminal Appeals. *See Gardner v. State*, 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). We must apply the current standard articulated by the Court of Criminal Appeals for reviewing the sufficiency of the evidence. *See id.* In our resolution of Appellant's first and second issues, we have determined that the evidence supporting his convictions is sufficient under the standard articulated in *Brooks*. Accordingly, we overrule Appellant's fifth issue.

In his tenth issue, Appellant contends that the trial court erred in denying his motions for directed verdict. A challenge to the trial court's denial of a motion for an instructed verdict or a motion for a directed verdict is treated as a challenge to the sufficiency of the evidence to support the conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). In our review, we consider all the evidence presented at trial, both from the State and the defense. *Cook*, 858 S.W.2d at 470; *Bellah v. State*, 415 S.W.2d 418, 420 (Tex. Crim. App. 1967). In other words, our review is not limited to the evidence presented before a defendant's motion for directed verdict is made at the end of the State's case-in-chief. *See Bellah*, 415 S.W.2d at 420. Thus, the matter presented in Appellant's tenth issue is a challenge to sufficiency of the evidence supporting his convictions. We have already addressed these challenges in our resolution of Appellant's first, second, and fifth issues. Accordingly, we overrule Appellant's tenth issue.

*Improper Jury Argument*

In his fourth issue, Appellant contends that the State engaged in improper jury argument. Appellant challenges statements that occurred during the prosecutor's closing argument. However, Appellant did not object to these statements or any portion of the prosecutor's closing argument. The State asserts that Appellant has

waived any complaint of improper jury argument in the absence of an objection at trial. We agree.

Generally, to preserve error for an improper jury argument, a defendant should (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the request for an instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). "[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to an allegedly "manifestly improper" jury argument forfeits the right to raise the issue on appeal). Because Appellant did not object at trial to the argument that he claims was improper, he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89; *Cooks*, 844 S.W.2d at 727–28. Appellant's fourth issue is overruled.

*References to Prior Conviction that Required Registration*

In issues six and seven, Appellant asserts that the trial court erred by allowing his prior conviction, as alleged in the indictment, to be read to the jury and by including the prior conviction in the jury charge because he stipulated to the prior conviction. We disagree.

Generally, the State is required to read the indictment to the jury. CRIM. PROC. art. 36.01(a)(1) (West 2007). This provision authorizes the reading of the full indictment except for prior convictions alleged for purposes of enhancement only. *See Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000) (holding that two prior DWI convictions alleged for jurisdictional purposes in a felony DWI

prosecution could be read to the jury as a part of the prosecutor's reading of the indictment).

The Amarillo Court of Appeals addressed an analogous situation in *Herring v. State*, 147 S.W.3d 425, 428 (Tex. App.—Amarillo 2003), *aff'd*, 147 S.W.3d 390 (Tex. Crim. App. 2004). In *Herring*, the defendant was charged with failing to register as a sex offender. He offered to stipulate to his prior conviction that required him to register if the State would be precluded from informing the jury of the specific offense, including reading the entire indictment to the jury. 147 S.W.3d at 427. Relying upon *Tamez*, the court of appeals determined that the prior conviction "did not reference unrelated convictions or extraneous bad acts which were not elements of the crime." *Id.* at 428. Rather, it was "the specific name attached by statute to an element of the crime with which a defendant is charged." *Id.* The court concluded that the trial court did not err in permitting the prosecutor to read the description of the defendant's reportable conviction as it was specified in the indictment. *Id.*

We agree with the holding in *Herring*. In order to convict a person for failing to register as a sex offender, the State must prove that the defendant was required to register under Chapter 62 of the Code of Criminal Procedure. *See Thomas*, 444 S.W.3d at 9. Thus, the provision in the indictment alleging Appellant's prior conviction for indecency with a child by contact was a required element of the offenses for which he was charged. Accordingly, the trial court did not err in overruling Appellant's objection to the prosecutor's inclusion of the alleged prior conviction when reading the indictment even though Appellant stipulated to the offense. *See Herring*, 147 S.W.3d at 428. We overrule Appellant's sixth issue.

Similarly, the trial court's charge to the jury must set forth the law applicable to the case. CRIM. PROC. art. 36.14. The trial court must instruct the jury on each element of the offense or offenses charged. *Vasquez v. State*, 389 S.W.3d 361, 366

10

(Tex. Crim. App. 2012) ("Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). As noted above, a prior conviction requiring registration under Chapter 62 was an essential element of the charged offenses. *See Thomas*, 444 S.W.3d at 9. Accordingly, the trial court did not err in overruling Appellant's objection to including references to the prior conviction in the jury charge. *See Martin v. State*, 200 S.W.3d 635, 640–41 (Tex. Crim. App. 2006) ("The jury charge must include some reference to the jurisdictional element of two prior DWI convictions in a felony DWI trial . . . ."). We overrule Appellant's seventh issue.

*Omitted Language from the Jury Charge*

In his eighth issue, Appellant contends that there was "fundamental" error in the jury charge because the trial court omitted language from the offense in the abstract portion of the jury charge applicable to Count I. Specifically, Appellant contends that the abstract portion should have included the words "in the municipality or county in which the person's new address is located" after the words "if the person intentionally or knowingly or recklessly fails to report in person to the applicable local law enforcement authority."

We review a claim of jury charge error using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Our first duty in analyzing a jury charge issue is to decide whether error exists. *Id.* (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo*, 175 S.W.3d at 743–44. When the error was not objected to, reversal is proper only if the error caused actual,

egregious harm to the defendant. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015); *Ngo*, 175 S.W.3d at 743–44.

As noted previously, the jury charge must instruct the jury on each element of the offense or offenses charged. *See Vasquez*, 389 S.W.3d at 366. Accordingly, the abstract portion of the charge was not complete because of the omitted language that Appellant cites. However, Appellant did not object to the omission. Therefore, we must determine if Appellant suffered actual, egregious harm under *Alamaza* as result of the omission.

"An egregious harm determination must be based on a finding of actual rather than theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Actual harm is established when the erroneous jury instruction affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.* (citing *Almanza*, 686 S.W.2d at 171). When assessing harm based on the particular facts of the case, we consider the entire jury charge; the state of the evidence, including contested issues and the weight of the probative evidence; the parties' arguments; and all other relevant information in the record. *Arrington*, 451 S.W.3d at 840; *Cosio*, 353 S.W.3d at 777. The *Almanza* analysis is fact specific and is done on a "case-by-case basis." *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013).

We conclude that Appellant did not suffer egregious harm from the omission of the statutory language from the abstract paragraph. The application paragraph of the jury charge tracked the indictment and provided that Appellant was guilty of Count I if the jury found beyond a reasonable doubt that he failed to notify the chief of police of Midland of his change of residence either before or after his move. "Because [the application] paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the 'heart and soul' of the jury charge."

12

*Vasquez*, 389 S.W.3d at 367.   Furthermore, as we noted above, the evidence indicated that Appellant remained in Midland for a month after Neal locked him out of her residence but before he moved to Arizona.   Accordingly, the evidence established that Midland continued to be the location where Appellant's new address was located during that one-month period.   Furthermore, even if Appellant had moved directly to Arizona after being excluded from Neal's residence, we disagree with his reading of the statute that he was excused from notifying the Midland Police Department of this move afterwards.   In this regard, the Midland Police Department was the local law enforcement authority designated as Appellant's primary registration authority.   *See* CRIM. PROC. art. 62.055(a).   We overrule Appellant's eighth issue.

## *False Testimony*

In his ninth issue, Appellant asserts that the State used "false testimony" that contributed to his conviction in violation of his due process rights.   The testimony that he cites involves a hypothetical question posed by Appellant's defense counsel to Detective Flores asking if a registrant must report a change of employment that is the result of a move to both the previous registration authority and the new registration authority in the new location.   Detective Flores stated that the registrant must report the change of employment to both registration authorities and that the report had to be done "in person" with both authorities.   Thus, the testimony that Appellant contends was false was an interpretation of the requirements of Article 62.057.   As the State points out, Appellant elicited the testimony at issue. "The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."   *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (citing *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)).   Because Appellant induced the alleged error of which he now

13

complains, he may not raise this issue on appeal. Appellant's ninth issue is overruled.

*Admission of Sex Offender Registration Records*

In his eleventh issue, Appellant contends that the trial court erred in admitting his sex offender registration records because they had no probative value. The State contends that Appellant failed to preserve error on this contention because he only objected to the records on the ground that they were not properly authenticated. We agree. To preserve a complaint for appellate review, the complaining party must make a timely objection specifying the grounds that support the objection and obtain an adverse ruling on the record. TEX. R. APP. P. 33.1; *see Guzmon v. State*, 697 S.W.2d 404, 413 (Tex. Crim. App. 1985); *Cienfuegos v. State*, 113 S.W.3d 481, 488 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). An objection on one basis will not support a different contention on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Edmondson v. State*, 399 S.W.3d 607, 610 (Tex. App.—Eastland 2013, no pet.). Because Appellant's complaint on appeal does not comport with his objection at trial, he has not preserved this issue for our review. *See Rezac*, 782 S.W.2d at 870. Appellant's eleventh issue is overruled.

*Assistance of Counsel*

In his twelfth issue, Appellant asserts that he was denied assistance of counsel during a critical stage in the proceedings. The trial court sentenced Appellant on June 16, 2015. On June 18, 2015, trial counsel filed a notice of appeal, a motion for new trial and motion in arrest of judgment, and a motion to withdraw as counsel. On the same day that these motions were filed by Appellant's trial counsel, the trial court denied the motion for new trial and granted the motion to withdraw, appointing another attorney as appellate counsel for Appellant. On June 29, 2015, Appellant filed his first motion to proceed pro se. On July 1, 2015, he filed a subsequent motion

to proceed pro se. He also filed a pro se amended motion for new trial on July 1, 2015. The trial court entered an order on July 21, 2015, granting Appellant's request to represent himself. Accordingly, the record establishes that Appellant was represented by counsel at all times during the proceedings up until the trial court signed an order allowing him to represent himself.

Appellant bases his contention that he was not represented by counsel on the assertion that his trial counsel did not include a claim of ineffective assistance of counsel in the original motion for new trial and that his new appointed counsel did not file an amended motion for new trial asserting ineffective assistance of counsel. There is no question that the time for filing a motion for new trial is a critical stage of the proceedings and that "a defendant has a constitutional right to counsel during that period." *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). As noted previously, the record establishes that Appellant was represented by counsel up until the time that the trial court granted his motion to proceed pro se. Appellant acknowledges that there is a rebuttable presumption that counsel adequately represented the defendant during the critical motion-for-new-trial stage. *Id.* In order to rebut the presumption, the record must compel the conclusion that the defendant was abandoned by counsel. *See Green v. State*, 264 S.W.3d 63, 71 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The record does not demonstrate that Appellant was abandoned by counsel. Trial counsel filed a motion for new trial and motion to withdraw within a matter of days after the trial court sentenced Appellant. Other than Appellant's unsubstantiated claims in his brief that new counsel did not adequately communicate with him, the record does not demonstrate that appointed appellate counsel abandoned him. We overrule Appellant's twelfth issue.

In his thirteenth issue, Appellant contends that he was denied effective assistance of counsel by his trial counsel. In order to establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999). Courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

"[A]ny allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting *McFarland v. State*, 928 S.W.2d 428, 500 (Tex. Crim. App. 1996)). Under normal circumstances, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance

unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note that, although Appellant alleged ineffective assistance of counsel in his pro se amended motion for new trial, the trial court did not hold a hearing on the motion. Consequently, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant alleges five matters for which he contends his trial counsel was ineffective. First, Appellant contends that his trial counsel failed to call a witness that could verify that Appellant was still employed when he moved to Arizona. The decision to call a witness is generally a matter of trial strategy. *Joseph v. State*, 367 S.W.3d 741, 744 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *see also Brown v. State*, 866 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("The decision whether to call a witness is clearly trial strategy and, as such, is a prerogative of trial counsel."). A defendant who complains about trial counsel's failure to call a witness must show that the witness was available and that the defendant would have benefited from his testimony. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Perez v. State*, 403 S.W.3d 246, 252 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890, 897 (Tex. Crim. App. 2010). Appellant has not met either requirement. In his brief, Appellant claims that his former employer, Ernest Mayden, could have testified that Appellant was still employed whenever he moved to Arizona. However, the record does not support Appellant's claim that Mayden could have testified as to his job status. Appellant has not shown that Mayden was available and that his testimony would have benefited Appellant.

Second, Appellant asserts that his trial counsel failed to impeach Detective Flores based on his testimony regarding the requirements of the sex

offender registration statute. This is the same matter that we have addressed in connection with Appellant's ninth issue. This is also a matter that is inherently a question of trial strategy.

Third, Appellant argues that his trial counsel was not sufficiently prepared for trial. Appellant claims that his counsel's failure to impeach Detective Flores is one example of counsel's lack of preparation. As we have noted, this is a matter of trial strategy. Appellant has not demonstrated that his trial counsel's failure to attempt impeachment was not sound trial strategy. *Sims v. State*, 807 S.W.2d 618, 624 (Tex. App.—Dallas 1991, pet. ref'd). Further, there is no support in the record before us for Appellant's claim that his trial counsel was not sufficiently prepared for trial.

Fourth, Appellant contends that his trial counsel failed to make certain closing arguments and failed to object to language in the jury charge. These are matters of trial strategy, and we may not second guess trial counsel's strategy decisions. *Farrar v. State*, 701 S.W.2d 32, 36 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd) (citing *Passmore v. State*, 617 S.W.2d 682 (Tex. Crim. App. 1981)).

Fifth, Appellant asserts that his trial counsel was ineffective because he did not move to suppress Appellant's sex offender registration records. The decision of whether or not to file a pretrial motion may be part of trial counsel's sound trial strategy. *Mares v. State,* 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd).

All of Appellant's claims of ineffective assistance of counsel are matters that are inherently matters of trial strategy. The record before us does not demonstrate that trial counsel's representation fell below an objective standard of reasonableness because there has been no inquiry into trial counsel's trial strategy. *See Thompson*, 9 S.W.3d at 812–13. We overrule Appellant's thirteenth issue.

*Motion For New Trial*

In his fourteenth issue, Appellant contends that the trial court erred in denying his motions for new trial without a hearing. A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are not determinable from the record and that could entitle the accused to relief. *Id.* When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339–40 (Tex. Crim. App. 2009). In so doing, we reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

As noted previously, Appellant's trial counsel filed a motion for new trial on June 18, 2015. This motion was denied that same day without a hearing. Appellant subsequently filed a pro se amended motion for new trial.

Appellant asserts that the trial court's denial of trial counsel's motion for new trial without a hearing was an abuse of discretion. We disagree. Trial counsel's motion for new trial did not raise matters not determinable from the record. When a trial court can determine the merits of the motion from the record, it does not abuse its discretion in failing to hold a hearing on the motion. *Darrington v. State*, 623 S.W.2d 414, 416 (Tex. Crim. App. 1981); *see Rozell*, 176 S.W.3d at 230. With respect to Appellant's pro se motion for new trial, he filed it at a time when he was represented by appointed counsel. A defendant has no right to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As a consequence, a trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *Id.* Appellant remained represented by counsel until over thirty days after he was sentenced, which was the deadline for

filing either a motion for new trial or an amended motion for new trial.  *See* TEX. R. APP. P. 21.4.  Therefore, the trial court did not err in not acting on Appellant's pro se amended motion for new trial.  We overrule Appellant's fourteenth issue.

### *Due Process*

In his third issue, Appellant contends that his due process rights were violated because he was convicted based upon a lack of evidence.  In presenting this issue, Appellant is essentially presenting a catchall, sufficiency-of-the-evidence claim that incorporates his assertions that the State relied upon hearsay and false evidence and made an improper jury argument.  We have already addressed these contentions in consideration of Appellant's first, second, fourth, and ninth issues.  Under the applicable standard of review for reviewing the sufficiency of the evidence, we consider all admitted evidence in conducting our review, including evidence that may have been improperly admitted.  *See Winfrey*, 393 S.W.3d at 767; *Clayton*, 235 S.W.3d at 778.  Accordingly, we overrule Appellant's third issue.

### *This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


July 20, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.